361 So.2d 1351 (1978)
Succession of Arthur LaHAYE.
Velma LaHAYE (Guillory), Plaintiff-Appellant,
v.
Julia Hollier LaHAYE and Marie LaHaye (Stelly), Defendants-Appellees.
No. 6608.
Court of Appeal of Louisiana, Third Circuit.
August 4, 1978.
Rehearing Denied September 25, 1978.
*1352 Scofield, Bergstedt & Gerard, J. Michael Veron, Lake Charles, for plaintiff-appellant.
Louis B. Viviano, Opelousas, Dubuisson, Brinkhaus & Dauzat, William A. Brinkhaus, Opelousas, for defendant-appellee.
Before DOMENGEAUX, GUIDRY, and CUTRER, JJ.
DOMENGEAUX, Judge.
This suit involves the validity of a compromise agreement entered into during the succession proceedings of Arthur LaHaye.
Plaintiff, Velma LaHaye, is the only living child born during the marriage existing between her mother, Julia Hollier LaHaye, also the surviving spouse, and decedent, Arthur LaHaye. She has one sister, Marie LaHaye, who was purportedly adopted in 1930 by decedent and his wife, the surviving spouse.
The father died intestate on December 10, 1971. Prior to his death, he had instructed an attorney, C. Kenneth Deshotel, to prepare a will providing for the distribution of his property, one-half to Velma and one-half to Marie, subject to the usufruct in favor of the mother. However, the will was never signed because when Mr. Deshotel called at the hospital in which Mr. LaHaye was confined in order to execute the document, Marie, the adopted daughter, advised Mr. Deshotel that her father was too ill to complete the will at that time.
After Mr. LaHaye's death, Mr. Deshotel was engaged to handle the succession. At this time, Mr. Deshotel had an opportunity to review the original 1930 Act of Adoption of Marie. On December 27, 1971, the various parties gathered in Mr. Deshotel's office in order to discuss and finalize the succession. Among other things, Mr. Deshotel read the unsigned will and also expressed doubts as to the validity of Marie's 1930 adoption. After a discussion, it was decided that a compromise settlement be drawn up by Mr. Deshotel and executed by Velma LaHaye and Marie LaHaye, which we quote as follows:
 COMPROMISE SETTLEMENT
STATE OF LOUISIANA
PARISH OF ST. LANDRY
 BEFORE ME, the undersigned authority, personally came and appeared
VELMA LAHAYE, wife of Edward Lee Guillory, a resident of Port Arthur,
Jefferson County, Texas, who declared that her father died at the Opelousas
General Hospital, Opelousas, Louisiana, on December 10, 1971; appearer further
declared that she is the only survivor of the marriage between her father, Arthur
Lahaye and her mother, Julia Hollier Lahaye; appearer further declared that on
July 1, 1930, her mother and father appeared before J. L. Domec, Justice of the
Peace for St. Landry Parish, Louisiana, and executed an Act of Adoption between
them and Felici Guillory, mother of Marie Philonese Leblanc (sometimes known as
Philonese Leblanc or Marie Philonese Lahaye), wife of Elie Stelly, Jr., a resident
of Port Arthur, Jefferson County, Texas; that it is not certain as to whether or
not the said Act of Adoption which was signed on July 1, 1930, was ever recorded,
but that appearer and the said MARIE PHILONESE LAHAYE, was always
*1353 reared as the two (2) daughters of Arthur Lahaye and Julia Hollier Lahaye, and in order to prevent any litigation, appearer and the said MARIE PHILONESE LEBLANC LAHAYE STELLY, have agreed to compromise this matter and have decided to each take as a legitimate child from the Succession of Arthur Lahaye because of this act of adoption, also, because the wishes and desire of their father, Arthur Lahaye, was that they share equally in his estate; that the last wishes of their deceased father, Arthur Lahaye, was that they do share equally as evidenced by a last will and testament he had his attorney draw up but died before he was able to sign said last will and testament.
 And now comes and appears the said MARIE PHILONESE LEBLANC LAHAYE STELLY, who agrees to this compromise settlement and agrees to take as (½) of the decedent's estate with her sister, Velma Lahaye Guillory taking other ½ subject to the usufruct of their mother, Julia Hollier Lahaye.
THUS DONE AND SIGNED at Opelousas, St. Landry Parish, Louisiana, on this 27th day of December, 1971, in the presence of the undersigned notary and the undersigned competent witnesses after a due reading of the whole.
WITNESSES:
/s/ Louis B. Vivano /s/ Marie Philonese L. Stelly MARIE PHILONESE L. STELLY
/s/ Alzier H. Vivano /s/ Velma L. Guillory VELMA LAHAYE GUILLORY
 /s/ C. Kenneth Deshotel C. KENNETH DESHOTEL Notary Public"
Also at this time, a new Act of Adoption was entered into by Julia LaHaye, in order to clear any doubts as to whether Marie could be considered her daughter in the future.
The next day, on December 28, 1971, a judgment of possession was rendered in which Velma LaHaye and Marie LaHaye were recognized as the sole heirs of Arthur LaHaye. It should be noted that the compromise agreement was not filed into the succession proceedings.
Four years after the rendering of the judgment of possession, in the Spring of 1975, some immovable property involved in the succession was sold, and all persons, including plaintiff, acquiesced in the sale. She received her share from the proceeds of the sale.
Approximately five years after the judgment of possession, on January 15, 1976, Velma LaHaye instituted this suit against Julia LaHaye and Marie LaHaye in order to have the judgment of possession set aside. She alleged that, upon the death of her father, she was informed: (1) that he had executed a will bequeathing equal portions of his property to her and Marie LaHaye; (2) that Marie was legally adopted by her father; and (3) that subsequent information revealed that the above was untrue. She therefore prayed that the original judgment of possession be set aside and a new judgment of possession be rendered, declaring her the sole heir of Arthur LaHaye. It should be noted that the petition does not mention or question the sale of the property in 1975. To plaintiff's petition, defendant raised exceptions of estoppel and res judicata, citing as grounds the compromise agreement set forth above.[1] These exceptions were referred to the merits.
Trial on the merits centered around the compromise agreement. Plaintiff argued and attempted to prove that the validity of the adoption and the will were "knowingly and willfully" concealed from her. She also attempted to show that she signed the compromise agreement without knowledge of *1354 its contents. The trial judge found that plaintiff failed to prove her case, and also found that the evidence proving that she knowingly signed the compromise agreement with full knowledge of the circumstances was overwhelming. From a judgment rejecting her demands, plaintiff appeals.
At the outset, we note that plaintiff has apparently abandoned her argument concerning fraud and concealment surrounding the execution of the compromise agreement. Her argument before this Court is largely confined to the legal issue of whether the compromise agreement is invalid for lack of supporting consideration. She also reurges her argument that the 1930 Act of Adoption is invalid, and requests that this Court set aside the original judgment of possession and declare her the sole heir of her father.
For the reasons set forth below, we find that the compromise agreement is valid, and, therefore, we do not reach a determination of the validity of the 1930 Act of Adoption.
We start with the general proposition that compromises are favored in the law. Through this device potential litigants can reach a satisfactory resolution of their differences without undergoing an often expensive and time-consuming law suit. It is in the interest of the state that there be an end to or an avoidance of litigation. Such settlements are not invalidated lightly in the absence of bad faith, error, or fraud. 1 Litvinoff, Obligations, Sec. 389 in 6 Louisiana Civil Law Treatise 389 (1969).
Compromise agreements are expressly treated in Book III, Title XVII of the Louisiana Civil Code. Article 3071 defines compromise agreements as follows:
"A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be reduced into writing."
Article 3078 states the effect of a compromise agreement:
"Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected."
Velma LaHaye's argument is that she had nothing to gain by signing the compromise agreement. She maintains that there was no balancing of the hope of gaining against the danger of losing as contemplated by Article 3071, and, therefore, the agreement has no supporting consideration.
We feel that Velma LaHaye did gain something by signing the compromise agreement. In addition to avoiding the legal fees and court costs which would have been incurred had the validity of the 1930 Act of Adoption been litigated, it is obvious that the judgment of possession was rendered without undue delay, and, hence, Velma LaHaye had control of her portion of the property sooner, by setting at rest any dispute concerning the adoption. This may have been a real and tangible financial benefit to appellant at that time.[2]
Other than the benefit of obtaining an immediate judgment of possession, we feel that there were other non-financial benefits which can be considered in upholding the compromise agreement. When the 1930 adoption was questioned, Velma was faced with the proposition that Marie, who was *1355 considered her sister and a member of the family for many years preceding the father's death, might not receive anything from his succession. Furthermore, although unexecuted, the will did express an intent on behalf of the decedent to divide the succession equally between what he considered to be his two daughters, Velma and Marie, which may not have occurred if the validity of the 1930 adoption was litigated. We think it reasonable to assume that Velma may have wanted to avoid this result and derive the personal satisfaction of knowing that the succession would be divided equally, regardless of the validity of Marie's adoption.
In short, we feel that appellant has not given any reason for invalidating the compromise agreement some five years after its execution and after the sale of some of the succession property in which she acquiesced. A compromise agreement needs no other cause or consideration than an adjustment of differences and a desire to set at rest all possibility of litigation. Collier v. Administrator, Succession of Blevins, 136 So.2d 774 (La.App. 4th Cir. 1962). The compromise agreement in the instant case was adequately supported by consideration, as shown above.
For the above reasons, the judgment of the District Court is affirmed at appellant's costs.
AFFIRMED.
GUIDRY, J., concurs in the result.
NOTES
[1] Prescription was raised in a general and nonspecific allegation contained in defendants' answer. However, considering that the issue was not pursued in the trial court and was not included as an error in the appellate briefs, we will not reach the issue. Rule IX-A, Uniform Rules Courts of Appeal.
[2] See Work of the Louisiana Appellate Courts for the 1974-1975 Term Contracts in Particular, 36 La.Law R. 417, 431 (1976), wherein Professor Litvinoff of the LSU Law Faculty states, in a different factual context involving compromises:

"[O]btaining immediate payment of a debt or payment within an agreed delay, as an advantage over the institution of procedures for the execution of a judgment, is a valid cause for a transaction, as the interest of the creditor may be satisfied in a better way by taking this sort of shortcut rather than facing the difficulties a judicial execution may present." [Footnote omitted]