402 So.2d 304 (1981)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
v.
K. G. FARMS, INC.
K. G. FARMS, INC.
v.
STATE of Louisiana DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
Nos. 14247, 14248.
Court of Appeal of Louisiana, First Circuit.
July 27, 1981.
*305 Stephen P. Dart and Robert O. Butler, Jr., St. Francisville, for appellant.
Johnie Branch, Bryan Miller, Richard N. Burtt, Baton Rouge, for appellee.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
These consolidated proceedings concern two expropriation suits between the parties. Although consolidated for trial and on appeal, in order to avoid confusion, each suit is addressed separately.

IN RE: APPEAL NUMBER 14,247
This is a case of expropriation by declaration of taking under the authority of LSA-Const., Art. 1, Sect. 4, and LSA-R.S. 48:441-460.
By order of the Twentieth Judicial District Court and the deposit into the registry of the court of the estimated just compensation, the plaintiff, State of Louisiana, Department of Transportation and Development (DOTD), expropriated in full ownership from defendant, K. G. Farms, Inc., certain properties described in its petition. Defendant then moved to have the expropriation order vacated. After a hearing, the trial court held that "the extent of the taking should be limited to a servitude outside the traveled portion and shoulder."
On appeal, plaintiff contends that the trial court was in error in not affirming its taking of all the expropriated property in full ownership. Defendant answered the appeal, contending that the district court erred in affirming plaintiff's taking of the proposed traveled portion in full ownership and that plaintiff should be allowed only a permanent servitude of all of the expropriated property.
While a number of legal issues were addressed and determined in the trial court, in its brief, defendant concedes the constitutionality of the taking and that our judicial review is limited to the questions of: (1) whether the property was taken for a highway purpose; (2) whether the expropriating agency acted arbitrarily, capriciously or in bad faith in determining the necessity of the taking; and (3) the adequacy of the compensation. However, defendant does not contest that the taking was for a highway purpose nor the adequacy of the compensation, but argues only that "a policy of requiring a highway right of way in full ownership, rather than a servitude, is arbitrary, capricious or in bad faith." We disagree, and find that plaintiff's policy and the taking herein in full ownership are not arbitrary, capricious or in bad faith.
Defendant bears a heavy burden of proof in attempting to have plaintiff's taking, under the authority of the above referred to constitutional and statutory provisions, declared to be arbitrary, capricious or in bad faith. State, Dept. of Highways v. Jeanerette Lumber & Shingle Co., Ltd., 350 So.2d 847 (La.1977).
Without reiterating all of the underlying facts and rationale of the state's policy, as discussed in State, through Department of Highways v. Olinkraft, Inc., 350 So.2d 865 (La.1977), it is sufficient to state that in that case our Supreme Court reviewed and approved the state's policy of taking in full ownership, rather than as a mere servitude.
In explaining this policy, Mr. William Hickey, an assistant road design engineer, testified for plaintiff as follows:
"In this particular case the additional right-of-way was necessary for the full construction of the highway typical section as required by these minimum design standards including shoulders, ditches and appropriate slopes....
"Normally, when the department makes an improvement to a highway, any right-of-way that's necessary to build a full typical section is acquired in fee or right-of-way, not in servitude....

*306 "[T]he limits of construction fall in the area between the existing and the required right-of-way line so that the roadside ditch and the back slope from the ditch to the natural ground will be constructed in that area....
"There are certain requirements for clear zones that we have to maintain for safety purposes and in many cases the existing right-of-way along the route is on the shoulder of the road or as [is] close to it. Without ownership of the property it is difficult to maintain these areas as clear zones....
"The chief engineer has set up a directive that we should normally acquire a minimum of 10 feet outside the limits of construction to use in constructing the road and to maintain the slopes .... You need this extra area where you are doing major construction in order to build the road and slopes adequately and then to have room to maintain it."
We believe that defendant has not carried its heavy burden of proof and has failed to prove that the state's actions, taken in accordance with its policy of expropriating in full ownership, are arbitrary, capricious or in bad faith. We find that the evidence in this record supports the state's continued reliance on this policy.
For the above reasons, the judgment of the trial court is hereby reversed and judgment is hereby rendered granting to the State, through the Department of Transportation and Development, full ownership of the expropriated property, described as follows:
"Two (2) certain tracts or parcels of land, together with all the improvements thereon, and all of the rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining, situated in the Parish of West Feliciana, State of Louisiana, and in Section 85, Township 1 South, Range 3 West, Greensburg Land District, identified as Parcel Nos. 3-3 and 4-5, on a white print of a plat of survey, consisting of sheets nos. 3 and 4, made by W. Ray Ortego, Registered Land Surveyor, dated June 12, 1978, revised, annexed to the above numbered and entitled suit, said tracts or parcels being outlined in red and being more particularly described in accordance with said plat of survey, as follows:
"PARCEL NO. 3-3:
"Being all that portion of defendant's property lying within a width of approximately 60.00 feet to the left or easterly side of the centerline of State Project No. 251-02-28 beginning at defendant's most northerly property line, the extension of which in a westerly direction would intersect said centerline at approximate Highway Survey Station 571+97; thence proceed in a southerly direction at said width of approximately 60.00 feet to the left or most easterly side of the centerline to defendant's southeasterly property line, the extension of which in a northwesterly direction would intersect said centerline at approximate Highway Survey Station 551+70; said parcel of land contains a net area of 0.60 acre, more or less, exclusive of the existing right of way of Route La 66.
"PARCEL NO. 4-5:
"Being all that portion of defendant's property lying within a width of approximately 60.00 feet to the left or northeasterly side of the centerline of State Project No. 251-02-28 beginning at defendant's westerly property line, the extension of which in a southerly direction would intersect said centerline at approximate Highway Survey Station 571+70; thence proceeding in a southerly direction at said width of approximately 60.00 feet to the left of the centerline to approximate Highway Survey Station 575+22.88; thence proceeding in a southerly direction at said width of approximately 60.00 feet to the left of the centerline to approximate Highway Survey Station 577+00; thence proceeding in a southerly direction and gradually increasing to a width of approximately 50.00 feet to the left of the centerline to a point co-existent with the existing right of *307 way of Route La 66 and the southern line of Section 85, and defendant's southern property line, the extension of which in a westerly direction would intersect said centerline at approximate Highway Survey Station 578+00; said parcel of land contains a net required area of 0.16 acre, more or less, exclusive of the existing right of way of Route La 66.
"Being a portion of the defendant's property acquired January 27, 1964, in COB 56, Folio 512, as recorded in the Conveyance Records of West Feliciana Parish, State of Louisiana."
This matter is hereby remanded to the trial court for further proceedings with regard to the payment of compensation to defendant.

IN RE: APPEAL NUMBER 14,248
Plaintiff, K. G. Farms, Inc. filed suit against the State of Louisiana through the Department of Transportation & Development (DOTD), seeking to revoke a prior (1964) judgment of expropriation. After a trial, the court denied plaintiff's petition and dismissed its revocation suit. Plaintiff then appealed. After the record was lodged in this court, defendant DOTD, filed peremptory exceptions of no right of action and no cause of action.
In Docket No. 3283, the predecessor of DOTD, the Department of Highways, expropriated a certain portion of plaintiff's property to realign, widen and improve portions of LA 66 (Angola-Bains Highway). On November 27, 1964, the parties in that expropriation suit entered into a "consent judgment", settling and compromising their differences and thereby putting an end to said lawsuit.
In this present suit, plaintiff alleges that defendant has not used the property in any way, that, had plaintiff known at the time of the consent judgment that the contemplated improvements would not be made for fifteen years, it would not have entered into the consent judgment and that this constitutes a mistake of fact, which vitiates plaintiff's consent to the agreement. Plaintiff also alleges that its primary cause for entering into the agreement and consent judgment was the proposed construction, and defendant's failure to perform said construction constitutes a failure of cause/consideration, which renders the agreement null.
In its peremptory exceptions, defendant argues that plaintiff has not pled the required allegations nor produced the required proof necessary to revoke (annul) the 1964 judgment in accordance with the provisions of La.C.C.P. arts. 2001, et seq. Plaintiff's argument, however, is based on its assumption that the judgment at issue, a "consent" judgment, is no different than all other final judgments, of which nullity must be sought in accordance with arts. 2001, et seq. We disagree.
A consent judgment, which is in effect a bilateral contract between the parties, must be based on consent; an essential element of every contract. Parkerson v. R-5, Inc., 305 So.2d 592 (La.App. 4th Cir., 1974), writ refused 309 So.2d 679 (La.1975); LSA-C.C. art. 1819. Thus, a "consent" judgment, as opposed to other final judgments which are rendered against a party without their consent, may be annulled (rescinded) for an error of fact (LSA-C.C. art. 1841) or of the principal cause of the agreement (LSA-C.C. arts. 1824, et seq.). We find that plaintiff has a right and has stated a cause of action, and defendant's peremptory exceptions are, therefore, overruled.
Under the provisions of the above referred to civil code articles, a contract may be invalidated for unilateral error as to a fact which was a principal cause for making the contract, where the other party knew or should have known it was the principal cause. Nugent v. Stanley, 336 So.2d 1058 (La.App. 3rd Cir., 1976); Scoggin v. Bagley, 368 So.2d 763 (La.App. 2nd Cir., 1979). While plaintiff has alleged that the proposed road construction was its primary cause for entering into the consent judgment, it produced no evidence in the trial court supporting this contention, nor was any evidence produced by plaintiff indicating that defendants knew or should have know that the proposed road construction was plaintiff's primary motive for entering *308 into the consent judgment. We find that plaintiff failed to carry its burden of proof below, and that the trial court's judgment dismissing plaintiff's suit to revoke the consent judgment is correct.
Further, as was stated in the case of LaHaye v. LaHaye, "A compromise agreement [judgment] needs no other cause or consideration than an adjustment of differences and a desire to set at rest all possibility of litigation." LaHaye v. La-Haye, 361 So.2d 1351 (La.App. 3rd Cir., 1978). At the time it entered into the consent judgment, plaintiff received from defendant the amount of $2,416.00 as compensation, as well as a termination of the pending litigation between itself and defendant. In the absence of evidence to the contrary, we find that this termination of litigation, together with the receipt of the above referred to amount, was plaintiff's primary motivation for entering into the consent judgment. We, therefore, find that the 1964 consent judgment was adequately supported by consideration. The judgment of the trial court in this matter is affirmed.
All costs of these appeals, in both No. 14,247 and No. 14,248, shall be paid by K. G. Farms, Inc.
IN APPEAL NO. 14,247: REVERSED, RENDERED AND REMANDED.
IN APPEAL NO. 14,248: AFFIRMED.