487 So.2d 635 (1986)
SUCCESSION OF Edward G. KOCH.
No. CA-3603.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Writ Denied June 6, 1986.
Fernand F. Willoz, III, New Orleans, for Martin R. Koch, appellant.
*636 Maurice Indest, New Orleans, for Martin R. Koch, appellee.
Before KLEES, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
This suit is a contest between two brothers, Martin Koch and Edward Koch, Jr., the heirs of Edward Koch, for the ownership and possession of fifty shares of Cane Equipment Cooperative ("Cane") Stock. The central issue in this case is whether the ownership and possession of the stock was determined in a consent judgment between the heirs.
On March 26, 1981, Edward Koch Jr., as administrator of his father's estate, filed a Petition to File a Tableau of Distribution, and a Tableau of Distribution preparatory to a final accounting in the succession and the placing of the heirs Edward and his brother, Martin, in possession of the assets of the succession. In the Tableau of Distribution was included a listing of "negotiable securities." Immediately following the listing of securities is a note stating that "[t]he market value of the one share of common stock and the sixty-one shares of the preferred stock of Cane Equipment Cooperative, Inc., Plaquemine, La., is unknown because neither stock is traded in the open market."
On April 6, 1981, Martin filed an opposition to the Tableau of Distribution alleging, that "[t]he Tableau is further in error in that it fails to propose payment to opponent, Martin R. Koch, in the sum of $5,000.00 representing the costs of fifty (50) share (sic) of stock of Cane Equipment Cooperative, Inc. that he purchased with his own money, but erroneously had issued in the name of `St. Elizabeth Plantation', a sugar cane plantation operated by the said Martin R. Koch, but which at the time, belonged to the decedent Edward G. Koch."
Thereafter, on March 27, 1981, Martin filed a petition for collation. On July 14, 1981, Edward answered that petition and filed a reconventional demand. Neither document mentioned the Cane stock.
On June 9, 1981, the trial judge, Judge DiRosa, signed a judgment approving and homologating the March 26, 1981 Tableau of Distribution which had listed the Cane stock after the negotiable securities. Martin filed a motion for suspensive appeal from that judgment. On August 17, 1981 the court granted his motion for appeal.
On November 25, 1981, the parties, in connection with the trial on the petition for collation, entered into a consent judgment also signed by Judge DiRosa containing the following provision: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the appeal filed by Martin R. Koch to the Judgment signed herein on June 9, 1981 approving and homologating the Tableau of Distribution ... be and it is hereby dismissed with prejudice."
On May 19, 1982, Edward filed a "Rule to Show Cause Why Heirs Should Not Be Sent Into Possession Where Tableau of Distribution Has Been Amended And Homologated By the Court and Where All Heirs and the Administrator Consented to a Compromise and Settlement of All Issues." In that rule Edward claimed that Martin refused to accept the final account or join in the petition for possession because Martin believed that the Cane stock was not included in the consent judgment and belonged to him.
On May 28, 1982, Judge Ganucheau signed a judgment ordering "that the succession representative place the heirs of this estate in possession of their respective shares herein, specifically reserving the disposition of the fifty (50) shares of stock of Cane Equipment Cooperative, Inc., from said judgment of possession pending determination upon a trial the ownership of the shares."
On July 26, 1982, Judge Ganucheau also signed a "Partial Judgment of Possession" which included a decree that "the fifty (50) shares of stock of Cane Equipment Cooperative, Inc., are not included in this Judgment."
*637 On November 12, 1982, Edward filed a petition for declaratory judgment alleging that the November 25, 1981 consent judgment included a settlement and adjudication of the ownership of the Cane stock and requesting a declaratory judgment clarifying the Consent Judgment.
On May 29, 1984, Edward filed a Rule for Summary Judgment on his petition for Declaratory Judgment. On December 17, 1984 the trial judge, Judge DiRosa, issued a judgment ordering that the rule for summary judgment be made absolute and clarifying the judgment of November 25, 1981. The December 17, 1984 judgment stated as follows: "to the extent that the ownership of the shares of stock, represented by the certificates described below, issued by Cane Equipment Cooperative, Inc., in the name of St. Elizabeth Plantation, was an issue before the court and was one of the issues compromised and settled and it was determined by the court that the said shares of stock were owned entirely by the decedent, and that they are assets of the succession of Edward G. Koch."
Martin appeals from the December 17, 1984 judgment. He claims that the trial court erred in issuing that judgment because it was improper for the trial court to clarify the consent judgment through the procedural device of a declaratory judgment. Appellant claims that the December 17, 1984 judgment was actually an amendment of the November 25, 1981 judgment, and as such was subject to the limitations of LSA-C.C.P. Art. 1951.
LSA-C.C.P. Art. 1871 governs declaratory judgments. That article states as follows:
Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.
In addition LSA-C.C.P. Art. 1872 states as follows:
A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.
This court has recognized that, "By its very nature, a consent or compromise judgment is a bilateral contract wherein the parties adjust their differences by mutual consent, thereby putting an end to litigation (or anticipated litigation) with each party balancing the hope of gain against the fear of loss. Parkerson v. R-5, Inc., 305 So.2d 592 (La.App. 4th Cir. 1974), writ denied 309 So.2d 679 (La.1975)." Braning v. Braning, 449 So.2d 670, 672 (La.App.4th Cir.1984). Since a consent judgment is in fact a bilateral contract it is subject to interpretation via the procedural device of a petition for declaratory judgment. LSA-C.C.P. Art. 1872.
When Judge Ganucheau refused to include the Cane stock in the May 28, 1982 judgment of possession, he indicated that indeed there was some doubt as to the right to possession of the Cane stock. Thus, whether, under the terms of the consent judgment, the Cane stock was included in Edward Koch Sr.'s succession was a "question of construction arising under the instrument ..." LSA-C.C.P. Art. 1872.
Moreover, we disagree with appellant's contention that the December 17, 1984 judgment was an amendment of the consent judgment. The fact is that the December 17, 1984 judgment merely construed the consent judgment, as allowed by LSA-C.C.P. Art. 1871.
*638 Appellant also claims that the trial court erred in denying his exception of res judicata. LSA-R.S. 13:4231 (formerly C.C. Art. 2286) reads as follows:
Res judicata, essential elements
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
(emphasis added.)
Appellant contends that in his petition for declaratory judgment appellee was allowed to relitigate issues which had already been decided by the "Rule to Show Cause Why Heirs Should Not Be Sent Into Possession Where Tableau of Distribution Has Been Amended and Homologated By the Court and Where all Heirs and Administrator Consented to a Compromise and Settlement of All Issues" on which Judgment was rendered, July 16, 1982.
"Our jurisprudence has consistently held that the requirements enumerated in the above article are stricti juris and each element must be present to sustain a plea of res judicata. Alexander v. Alexander, 196 So.2d 628 (La.App. 1st Cir.1967)." Seaton v. Martin, 402 So.2d 740, 741 (La.App. 4th Cir.1981).
In the "Rule to Show Cause" the thing demanded was that Edward and Martin Koch be recognized as the only legal forced heirs of Edward Koch Sr. and be placed in possession of his estate in proportions of one-half each. The July 26, 1982 judgment of possession specifically excluded the Cane stock from that judgment. In contrast, the suit for summary judgment simply sought to clarify the consent judgment and determine the possession of the Cane stock, an issue which was clearly not decided by the July 26, 1982 judgment. In our opinion, the "the thing demanded" is not the same. Therefore, the appellant's exception of res judicata was properly overruled.
Finally, appellant contends that the trial court erred in granting appellee's motion for summary judgment. Appellant, Martin Koch, contends that there is a genuine issue of material fact. He claims that his intention at the time he entered into the consent judgment regarding the disposition of the Cane stock is a genuine issue of material fact.
[A] `consent' judgment, as opposed to other final judgments which are rendered against a party without their consent, may be annulled (rescinded) for an error of fact (LSA-C.C. art 1841) or of the principal cause of the agreement (LSA-C.C. arts. 1824, et seq.)....
Under the provisions of the above referred to civil code articles, a contract may be invalidated for unilateral error as to a fact which was a principal cause.... Nugent v. Stanley, 336 So.2d 1058 (La. App. 3rd Cir., 1976); Scoggin v. Bagley, 368 So.2d 763 (La.App. 2nd Cir., 1979).
State Department of Transportation and Development v. K.G. Farms, Inc., 402 So.2d 304, 307 (La.App.1st Cir.1981).
Under the codal articles relied on in State Department of Transportation and Development, as well as the recent revision of those articles (LSA-C.C. arts. 1949 and 1950), it is clear that appellant's intention regarding the Cane stock is irrelevant. Under those Civil Code articles relief for error can only be granted when the error goes to the principal cause, i.e. the cause without which the contract would not have been made.
Appellant did not allege in his affidavit in opposition to the motion for summary judgment that there was an error as to the principal cause of the contract. The only error plaintiff alleged concerned the disposition of the Cane stock. Since by its very nature the principal cause of a consent judgment is to put an end to anticipated litigation, it is clear that appellant did not establish a genuine issue of material fact.
In sum we hold that the trial court correctly used the device of declaratory judgment to interpret the consent judgment; *639 that the trial court correctly denied appellant's exception of res judicata and; that the trial court was correct in resorting to summary judgment, as there was no genuine issue of material fact.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.