527 So.2d 323 (1988)
SUCCESSION OF Philip H. SIMMONS, Sr.
No. CA-8108.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
Rehearing Denied July 19, 1988.
Stay Order Denied; Writ Denied August 15, 1988.
Ed J. DeVerges, Jr., Joseph E. Defley, Jr., New Orleans, for appellant.
Brian J. Waid, Darryl W. Bubrig, Sr., Bubrig, Scandurro & Waid, Buras, for appellees.
Before GARRISON, BARRY and ARMSTRONG, JJ.
BARRY, Judge.
Elvira Simmons, the second wife of Philip Simmons, Sr. and executrix of his estate, appeals the judgment (1) dismissing her rule to show cause why the judgment should not be corrected and (2) as to the granting of the decedent's major children's exceptions of res judicata and prescription.
*324 On June 21, 1979 Philip Simmons, Sr. died and was survived by three major children, Philip Simmons, Jr., Margaret S. Bondi and Merry S. Volk, and his second wife, Elvira Simmons. The children were born to his first wife, Marion Simmons, from whom he was divorced November 17, 1966.
Mr. Simmons' will dated March 27, 1978 and a codicil dated April 13, 1979 were submitted for probate. The will names Elvira Simmons executrix, a dation en paiment to her which transfers property at 6932 Bellaire Drive is reaffirmed, Philip Simmons, Jr. is made a special legatee to land subject to Elvira's usufruct, and all of decedent's children are to share the balance of the estate. In the codicil he gave Elvira Simmons his Delta Bank and Freeport Sulphur stock.
Elvira Simmons was confirmed as executrix and an inventory was ordered. On September 19, 1979 the children filed a petition to annul the probated testament and/or codicil (the petition was amended twice after Elvira Simmons' exceptions of vagueness were granted). On September 28, 1983 the children filed a rule to show cause why Elvira Simmons should not be removed as administratix (should have been executrix) for failure to preserve and manage the succession's property.
On November 10, 1983 a consent judgment was signed by all parties and approved. It added Philip Simmons' first wife Marion as a party, withdrew with prejudice the petition to nullify the codicil and all allegations of fraud, withdrew with prejudice the rule to remove Elvira Simmons as executrix, recognized Marion Simmons' interest in one-half of the Freeport stock, and Marion Simmons waived further claims for indemnification from the Succession of Elvira Simmons (should have been Philip H. Simmons, Sr.) for dividends accrued as of decedent's death.
The consent judgment also recognized Elvira Simmons' one-half interest in the Freeport and Delta Bank stock pursuant to her agreement to reduce the value of her usufruct by $150.00 or pay that amount to Philip Simmons, Jr. if they could not agree on a division of the usufruct. Elvira Simmons did not waive her usufruct and Philip Simmons, Jr. was ordered to deliver the stock certificates and dividends to the succession Notary within thirty days.
Elvira Simmons filed an account and tableau of distribution after which a rule to traverse and objections were filed. On August 23, 1984 Elvira was placed in possession of 48 shares of Delta Bank stock and 504.5 shares (one-half) of the Freeport stock (Freeport McMoran by then). The consent judgment was amended to place her in possession of 905.5 shares of Freeport McMoran stock, 181 shares of Freeport Royalty stock, and checks totaling $1,905.09.
On May 8, 1986 Elvira Simmons as executrix petitioned to sell immovable property at public auction because the succession did not have cash to pay the debts and fees. She also filed a rule to show cause why the November 10, 1983 consent judgment should not be corrected to delete Marion Simmons' interest in the Freeport stock since the certificates were issued subsequent to the decedent's divorce from Marion.
The children filed exceptions of res judicata, no cause of action, prescription, and unauthorized use of summary procedure. They filed a motion to strike since they had not been served and because a collateral attack by summary process was unavailable. The children also filed a rule to show cause why counsel for the executrix should not be deposed because a claim for $25,000 in attorney's fees was pending. A motion by Elvira Simmons to recuse the trial judge was denied.
On May 7, 1987 the executrix's rule to show cause why the consent judgment should not be corrected was dismissed based on res judicata and prescription.
*325 The court ordered E.J. deVerges, Jr., counsel for the executrix, to be deposed by the children.
Elvira Simmons appealed that judgment. The children filed a motion for partial dismissal of the appeal as to the order to depose her attorney. On September 3, 1987 this court granted the motion and stated the judgment was interlocutory, no harm had been shown, and the matter was not appealable.
Elvira Simmons contends the trial court erred by refusing to amend the consent judgment as to Marion Simmons' interest in the Freeport stock. The children argue that the rulings as to Elvira Simmons were correct, but insofar as the court's failure to rule on their exceptions of no cause of action and unauthorized use of summary procedure may be construed as a denial, they submit the denial was error and request damages based on a frivolous appeal.
This succession has a demonstrated history of continuing family ill-will and legal warfare between the children and the executrix.
A consent judgment has binding force from the presumed voluntary acquiescence of the parties, not from adjudication by the court. Ritchey v. Azar, 383 So.2d 360 (La.1980); City of New Orleans v. Vanlangendonck, 433 So.2d 432 (La. App. 4th Cir.1983). A consent judgment is a bilateral contract wherein parties adjust their differences by mutual consent, ending a lawsuit with each party balancing the hope of gain against the fear of loss. La. C.C. Art. 3071; Braning v. Braning, 449 So.2d 670 (La.App. 4th Cir.1984); Townsend v. Townsend, 421 So.2d 969 (La.App. 3d Cir.1982), writ denied 427 So.2d 1211 (La.1983).
Both sides made concessions in order to terminate this protracted litigation. The children withdrew their petition to nullify the codicil, their allegations of fraud, and their rule to remove Elvira Simmons as executrix. The Freeport stock was divided and Elvira Simmons recognized as one-half owner (rather than owner of all as in the codicil) and Marion Simmons was recognized as owner of one-half of the Freeport stock.
Marion Simmons waived all claims. Elvira Simmons' interest in the Delta Bank stock (in the codicil) was recognized and she did not waive her usufruct. The stock certificates held by one of the children were to be surrendered to the notary and each side agreed to bear its own costs.
A compromise needs no other cause than a desire to adjust differences and put to rest the litigation. State Department of Transportation and Development v. K.G. Farms, Inc., 402 So.2d 304 (La.App. 1st Cir.1981), writ denied 406 So.2d 625 (La. 1981).
A consent judgment, as opposed to a contested judgment, may be annulled or rescinded for error of fact or error of the principal cause of the agreement. It may be invalidated for unilateral error as to a fact which was a principal cause of the agreement. Succession of Koch, 487 So.2d 635, 638 (La.App. 4th Cir.1986), writ denied 489 So.2d 251 (La.1986), quoting from State, Department of Transportation and Development v. K.G. Farms, Inc., supra. The intent of the parties at the time of a consent judgment is irrelevant. Relief for error can be granted only when the error goes to the principal causean end to the litigation. Id.
This consent judgment is a final judgment intended to end the litigation between the children and the second wife. If changes were warranted they should have been effected according to law. See Cheramie v. Vegas, 468 So.2d 810 (La.App. 1st Cir.1985), writ denied 470 So.2d 122 (La. 1985).
Years passed after the November 10, 1983 consent judgment. On May 8, 1986 the executrix filed a rule to show cause why the judgment should not be corrected. Her pleading cannot be construed as a motion to amend the phraseology rather than the judgment's substance, or to correct a calculation or typographical error under La.C.C.P. Art. 1951. The executrix attempted to change the substance which she had not appealed under La.C.C.P. Arts. 2123 or 2087.
*326 The executrix's pleading is not a petition to annul since the judgment clearly contains provisions in her favor. She sought to amend only one part by motion, not a separate action. Under La.C.C.P. Art. 2004 a final judgment obtained by fraud or ill practices may be annulled by filing a petition. An action to annul is an ordinary action. LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3rd Cir. 1980). It cannot be converted into a summary proceeding by filing a rule to show cause. See Columbia Radio Supply Company v. Jordan, 215 So.2d 553 (La.App. 4th Cir.1968).
The executrix attempted the summary procedure in order to substantively change one part of the consent judgment. She alleged that the stock certificates were purchased by Philip Simmons long after his divorce. She also claimed the children misrepresented that the stock was acquired during the decedent's first marriage. There is no evidence or testimony which proves fraud as in an ordinary proceeding to annul.
Elvira Simmons claims the consent judgment is not final as to Marion Simmons' right to the stock. The judgment provides "the interest of Marion Simmons in one-half of the Freeport stock referred to in the codicil be, and is hereby recognized." That language is clearly final.
Elvira Simmons contends she did not know of the stock certificate dates when she consented to the judgment because one of the children held them. The certificates were turned over to her (according to her brief on December 3, 1983) and she became aware of the issuance date when she was placed in possession of the certificates on August 23, 1984. Although aware that the issuance date was March 28, 1974 (the divorce was in 1966), the executrix waited until May 8, 1986 to file her rule. More than one year passed from the date of discovery. If construed as a petition for nullity, prescription had run under La.C.C.P. Art. 2004 and the exception was properly maintained.
Under these circumstances we conclude the trial court did not err by dismissing the executrix's rule to show cause why the judgment should not be corrected. We pretermit discussion of the other exceptions.
The appeal of the order to depose Mr. deVerges has been dismissed.
The judgment dismissing the executrix's rule to show cause is affirmed.