586 So.2d 658 (1991)
Katie Cheryl WILLIAMS, Plaintiff/Appellee,
v.
Robert Lloyd WILLIAMS, Defendant/Appellant.
No. 22749-CA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1991.
*659 Vicki L. Green, Monroe, for defendant, appellant.
Joe D. Guerriero, Monroe, for plaintiff, appellee.
Before LINDSAY, VICTORY and STEWART, JJ.
LINDSAY, Judge.
The defendant, Robert Lloyd Williams, appeals from a trial court judgment finding that, pursuant to a consent judgment, his agreement to pay his son's dental expenses included orthodontic expenses. We affirm the trial court judgment.

FACTS
The plaintiff, Katie Cheryl Williams, and defendant were formerly married. During their marriage, one son was born in 1979. A judgment of divorce between the parties was signed September 12, 1985. The plaintiff was awarded sole custody of the child and the defendant was ordered to pay $250.00 per month in child support. In April, 1990, the defendant filed a petition for joint custody of the child. In May, 1990, a consent judgment was rendered which granted joint custody of the child to the plaintiff and defendant. The defendant was to continue paying $250.00 per month in child support and was to pay "all medical and dental expenses of the child not covered by insurance." The plaintiff was to maintain medical and hospital insurance on the child.
In June, 1990, it was determined that the child, who had been undergoing orthodontic treatment, needed to be fitted with braces. The cost of braces was to be $1,600. This expense was not covered by the plaintiff's dental insurance. The plaintiff requested that the defendant pay for the child's braces. The defendant refused.
The plaintiff then filed a rule for contempt against the defendant, asserting that under the consent judgment, the defendant was to pay for the child's dental expenses, including orthodontic expenses not covered by insurance. In the alternative, the plaintiff sought to have the consent judgment amended to include orthodontic expenses.
The defendant answered. In his pleadings, the defendant claimed that he was not in contempt because he had been advised by counsel that dental expenses, which he agreed to pay, did not include orthodontic expenses. He further contended that if dental expenses include orthodontic expenses, then there was no "meeting of the minds" at the time the consent judgment was rendered on May 24, 1990, and therefore that judgment should be declared null.
The rule was tried on October 24, 1990. The sole issue presented to the court was whether dental expenses, which the defendant agreed to pay, included orthodontic expenses. The trial court found that dental treatment includes necessary orthodontic treatment. The court found that at the time the consent judgment was rendered the defendant was aware of the child's *660 orthodontic expenses and had been contributing toward payment of the bills. In fact the record shows that beginning in 1988, the defendant paid $80 every other month toward the child's orthodontic expenses. Therefore, the court concluded that the necessary orthodontic expenses were covered by the parties' consent judgment. A judgment ordering the defendant to pay the child's orthodontic expenses was signed and filed on November 13, 1990.
The defendant appealed the trial court judgment. The defendant argues that the trial court erred in failing to find that there was no meeting of the minds regarding the consent judgment of May 24, 1990, and in not declaring that judgment to be null. The defendant also argues that the trial court erred in finding that the defendant was aware of the orthodontic bill and paid a part of it. Finally, the defendant argues that the trial court erred in finding that dental expenses include orthodontic expenses.

VALIDITY OF THE CONSENT JUDGMENT
The defendant contends that the trial court erred in failing to declare the consent judgment to be null because there was no meeting of the minds between the parties. He argues that because he did not think that dental expenses included orthodontic expenses, there was no consent to the judgment and therefore the judgment should be declared null. This argument is meritless.
The defendant, in his answer, raised the issue of nullity, claiming lack of consent to the consent judgment. However, at trial, the issue of nullity was not clearly presented to the trial court and arguably, the defendant waived this issue. Rather than clearly arguing nullity of the entire consent judgment, it appears the parties presented the court with only the issue of construing what is included in the definition of dental expenses. When the matter was called for hearing, the parties informed the court that the sole issue presented for decision was whether the term "dental expenses", contained in the consent judgment, encompassed orthodontic expenses. The following exchange took place.
The Court: What's the limited nature of the rule today? Just
Plaintiff's counsel: Just a rule for contempt, to fix whether or not Mr. Williams is under an obligation to pay the orthodontic expense.

Defendant's counsel: Your Honor, just for some ... a brief history, on May 24th of this year we entered a stipulated judgment. It requires Mr. Williams to pay all medical and dental expenses that are not covered by insurance, and the issue is we have refused to pay orthodontic expenses. Our position being that orthodontic is not included in dental, and we're limited to that single issue. 

Plaintiff's counsel: That's ... that's whole issue, Your Honor, whether or not orthodontic is included in dental. This is what we're here about today. [Emphasis supplied.]
All evidence taken was limited to the issue of defining the terms "dental" and "orthodontic." The trial court was requested to interpret a term in the consent judgment, rather than determine whether the judgment should be annulled. The defendant did not argue for nullity of the entire agreement. Therefore, it does not appear that the issue was before the court for decision. Generally, issues not submitted to the trial court for decision will not be considered by the appellate court on appeal. See Uniform Rules of Courts of Appeal 1-3. The trial court rendered judgment on the very issue which was presented to it for decision.
However, even if we were to find that the issue of nullity was properly before the court, the trial court was correct in declining to invalidate the consent judgment. The defendant did not prove that the parties failed to have a "meeting of the minds."
The parties entered into a consent judgment in May 1990 whereby they established a joint custody implementation plan and established their respective child support *661 obligations. A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a law suit with each party balancing the hope of gain against the fear of loss. McDaniel v. McDaniel, 567 So.2d 748 (La.App.2d Cir. 1990); Chaisson v. Chaisson, 454 So.2d 890 (La.App. 4th Cir.1984); Succession of Simmons, 527 So.2d 323 (La.App. 4th Cir. 1988), writ denied 529 So.2d 12 (La.1988). A consent judgment has binding force from the acquiescence of the parties and not from the adjudication of the court. Succession of Simmons, supra; Chaisson v. Chaisson, supra. Thus, "consent" judgments, as opposed to other final judgments which are rendered against a party without consent, may be annulled for error of fact or of the principal cause of the agreement. State, Department of Transportation v. K.G. Farms, 402 So.2d 304 (La.App. 1st Cir.1981), writ denied, 406 So.2d 625 (La. 1981).
A contract may be invalidated for unilateral error as to a fact which was a principal cause for making the contract, where the other party knew or should have known it was the principal cause. However, a consent judgment needs no other cause or consideration than an adjustment of differences and a desire to set at rest all possibility of litigation. State, Department of Transportation v. K.G. Farms, supra.
In the present case, the defendant contends he made an error of fact in a principal cause of the consent agreement. He claims he never intended to assume responsibility for his son's orthodontic bills. However, that contention is not borne out by the evidence presented at trial. As will be discussed more thoroughly below, the record shows that the parties' child had orthodontic problems for several years, that he had been undergoing orthodontic treatment and the parties were aware that at some point, braces would have to be put on the child's teeth. The record also shows that the defendant had been contributing toward payment of these expenses. In light of these factors, the record does not support the defendant's claim that he made a mistake of fact and never intended to assume responsibility for the child's orthodontic bills. Therefore, the trial court did not err in upholding the consent judgment.
This assignment of error has no merit.
AWARENESS OF THE OBLIGATION
The defendant contends the trial court erred in finding that he was aware of the child's orthodontic bill of $1,600.00 and had paid part of it. This argument is meritless.
The $1,600 orthodontic bill objected to by the defendant was for the child's braces. The trial court did not rule that the defendant was aware of the actual amount of $1,600 that would be required for application of the braces. The trial court ruled that the defendant was aware of expenses incurred in the child's orthodontic treatment and had made contributions toward the payment of the bills. This ruling is supported by the record which shows that the child had been undergoing ongoing orthodontic treatment and that the father had been making periodic payments toward that treatment.
As stated above, the record clearly shows, by the defendant's own testimony, that he had been paying orthodontic bills for the child, at least every other month since early 1988, and that, by virtue of that fact, he was aware that the child needed ongoing orthodontic treatment. Mrs. Williams testified that in December, 1987, it was determined that the child would need braces and that a decision would be made in June of 1990 as to when the braces would actually be applied. Prior to application of the braces, the child was fitted with another type of orthodontic device. The payments made by the defendant were for this preparatory treatment.
In light of the child's ongoing orthodontic treatment and the defendant's frequent contributions toward that expense it is reasonable to conclude that the parties intended that the dental expenses referred to in the consent judgment encompassed orthodontic expenses as well. We are not persuaded to the contrary simply because the *662 exact date the braces would be applied or the exact amount of that expense was not known when the consent judgment was signed.

"DENTAL" AND "ORTHODONTIC"
The defendant contends that the trial court erred in finding that the term "dental" used in the consent judgment includes the term "orthodontic." This argument is meritless.
The defendant provides no authority for his argument that orthodontic expenses have historically been considered extraordinary expenses over and above mere dental expenses.
At trial, the plaintiff was allowed to introduce into evidence, without objection, the definition of "dental" and "orthodontia" from Webster's II New Riverside University Dictionary.
"Dental" was defined as, "of, relating to or for the teeth." "Orthodontia" was defined as, "the branch of dentistry concerned with correcting abnormally aligned or positioned teeth." Based upon these definitions and the evidence adduced at the hearing, we find that the trial court correctly determined that dental expenses, as contemplated in the consent judgment, also included orthodontic expenses.
Also, the trial court finding is in accordance with jurisprudence dealing with issues similar to that raised in the present case. In Devillier v. Devillier, 417 So.2d 1334 (La.App. 3d Cir.1982), the defendant was to pay all medical, dental and pharmaceutical expenses incurred by the children. The defendant objected to payment of orthodontic expenses on the ground that these were for cosmetic purposes and were not necessary expenses. The court found that this was a necessary expense and the defendant was ordered to pay for orthodontic expenses.
Also, in Osborne v. Osborne, 512 So.2d 645 (La.App.2d Cir.1987), the court ordered a parent to pay for a portion of the expense of his children's braces when considering his obligation to pay a portion of the medical and dental bills.
The record shows that the parties were aware of their child's need for orthodontic treatment and that the defendant had been paying a portion of those expenses. The court was not in error in finding that the defendant's obligation to pay for dental expenses not covered by insurance included orthodontic expenses. To the extent that this finding was based upon evaluations of the credibility of the parties, we note that the trial court's findings in this regard are not manifestly erroneous and will not be overturned on appeal. Rosell v. Esco, 549 So.2d 840 (La.1989), Fuller v. Wal-Mart Stores, Inc., 577 So.2d 792 (La.App.2d Cir.1991).
This assignment of error has no merit.

CONCLUSION
For the reasons stated above, the judgment of the trial court is affirmed. All costs are assessed to the appellant.
AFFIRMED.