liDECUIR, Judge,
dissents.
I disagree with the majority opinion. Compromises are favored in the law and are not invalidated lightly in the absence of bad faith, error or fraud. See Succession of LaHaye, 361 So.2d 1351 (La.App. 3 Cir.1978). The majority has reached to invalidate a perfectly valid compromise on the grounds that the language of the agreement is ambiguous. On the contrary, the judgment of partial dismissal contains the clear and unambiguous language that defendants are “forever released and relieved from all past and present liability” from plaintiffs claims of “whatsoever nature and kind arising heretofore, growing out of or in any way related to the knee injury alleged related to Morris Ray Satcher’s work-related back injury.” The settlement agreement clearly states that plaintiff releases defendant “forever” from “any and all claims for medical and surgical expenses ..., whether known or unknown at this time, in any manner connected with or arising out of the above described meniscus tear.” The receipt and release agreement clearly and unambiguously 12released defendant completely and forever from any claims arising from plaintiffs knee injury existing before or after the compromise was entered. The majority opinion renders the English language meaningless and forecloses the possibility of drafting a compromise that can withstand this court’s scrutiny.