SUNSET HARBOUR, LLC       *       NO. 2023-CA-0644

VERSUS       *       COURT OF APPEAL

EDWARD L. RENTON, JR., ET AL.       *       FOURTH CIRCUIT

      *       STATE OF LOUISIANA

      *

      *

\* \* \* \* \* \* \*

*TFL*

**LOVE, C.J., CONCURS IN THE RESULT AND ASSIGNS REASONS**

I respectfully concur in the result reached by the majority, but write separately because I find the trial court erred by denying the exception of unauthorized use of summary proceeding.

Sunset Harbour filed a Petition to Confirm and Quiet Tax Sale Title and for Declaratory Judgment and for Partition. Sunset Harbour then obtained a final judgment as to Mr. Renton on April 5, 2022. Further, on April 29, 2022, Sunset Harbour was granted a final default judgment against Mr. Newfield, the previous tax sale purchaser. These judgments were not appealed. Instead, on May 12, 2023, Mr. Renton filed a Rule to Evict Sunset Harbour in these proceedings.

"The mode of procedure employed in the incidental action shall be the same as that used in the principal action, except as otherwise provided by law." La. C.C.P. art. 1036(B). The attempt by Mr. Renton to usurp Sunset's petition filed via ordinaria with a summary eviction after two final judgments were already rendered regarding the quite title action was improper. *See Succession of Simmons*, 527 So. 2d 323 (La. App. 4th Cir. 1988) (an ordinary proceeding cannot be changed into a summary proceeding by filing a rule to show cause). Additionally, this matter involves a complex set of facts ill-suited for a summary proceeding. As such, I would vacate the trial court's judgment, grant the exception of unauthorized use of a summary proceeding, and remand for further proceedings.

1