## HENDERSON *v.* WILCOX.

*Where a judgment pronounced by the Supreme Court is absolute and unconditional as to the matters which it professes to decide, its execution cannot be enjoined by a party, while litigating other matters in controversy, which the judgment had reserved.*

APPEAL from the District Court of East Baton Rouge, *Burk,* J. *Elam,* for the appellant. *T. G. Morgan,* for the defendant. The judgment of the court was pronounced by

SLIDELL, J. The subjects in controversy between these parties were before the Supreme Court some years since, and a decree was then made which will be found reported in 7 Robinson, 338. When the judgment of the Supreme Court was recorded in the District Court, an execution was issued, and *Stephen Henderson* then obtained an injunction to restrain the execution. This he had no right to do. The decree of the Supreme Court was not conditional, but absolute, as to the matters which it professed to decide. That judgment should have been satisfied by *Stephen Henderson,* and he had no right to restrain its execution, while attempting to litigate the other matters of controversy, which the decree of the Supreme Court reserved. See *Durnford's Succession,* 1 Annual Rep. 92.

The record now presented to us is confused and irregular. This is perhaps in a great degree owing to the course pursued by the appellant, in attempting, in a petition which is obscure in its character, to blend matters finally decided with those which had been reserved. There was a verdict and final judgment in favor of the appellee, which the plaintiff, *Stephen Henderson,* brings before us for revision.

We have not the means of saying whether this verdict has done justice between the parties. The court below properly dissolved the injunction, and should have also dismissed the suit upon the exception of the defendant. The latter was not done; the court retained the case for trial on the merits; but, in doing so, restricted the testimony within narrower limits than the reservation of the Supreme Court authorised.

We shall dismiss the suit as was originally claimed by the appellees, leaving *Stephen Henderson* to obtain, by new and independent proceedings, the investigation of the claims reserved by the decree of the Supreme Court.

It is therefore decreed that the judgment of the court below be reversed, and that the suit of the said *Stephen Henderson* be dismissed as in case of nonsuit, he paying the costs of the court below, and the appellee paying those of this appeal.