I, ARMSTRONG, Judge.
In this writ application, the relators seek review of the trial court’s judgment maintaining of an exception of no cause of action as to, and the dismissal of, its third-party demand.
Because we find that the third-party petition does state a cause of action, we grant the writ and reverse the judgment maintaining the exception of no cause of action. Because the judgment of the trial court was rendered on an exception of no cause of action, we assume that all of the factual allegations of the third-party petition are correct and we make a de novo determination of whether these factual allegations are sufficient as a matter of law to state a cause of action. E.g, Dragon v. Cooper/T. Smith Stevedoring Company, Inc., 98-1375 (La.App. 4 Cir. 1/6/99), 726 So.2d 1006. The “facts” we recite in the opinion are simply the allegations of the third-party petition.
The original plaintiff, Tabrina Norfleet, is an employee of Premier, Concepts, Inc. d/b/a Imposter a/k/a Elegant Pretenders (“Premier Concepts”). Atlantic Mutual companies is the liability insurer of Premier Concepts. Premier concepts leased certain premises from Jackson Brewery, Ltd. (“Jackson Brewery”). | ^Scottsdale Insurance Company (“Scottsdale”) is the liability insurer of Jackson Brewery. Norfleet sued Jackson Brewery and Scottsdale for personal injuries received, during the course and scope of her employment, due to alleged dangerous conditions on the leased premises. The lease between Premier Concepts and Jacks on Brewery contains a clause whereby Premier Concepts is obligated to indemnify and hold harmless Jackson Brewery for any liability to Norfleet and for the cost of defending against the claims of Norfleet. Jackson Brewery and. Scottsdale filed a third-party demand against Premier Concepts and Atlantic Mutual Companies seeking indemnity under the indemnity clause of the lease.
Premier Concepts filed its exception of no cause of action against the third-party demand based upon the premise that, under the Worker’s compensation laws, it is statutorily immune against non-intentional tort claims of its employee, Norfleet. La. R.S. 23:1032 (worker’s compensation exclusive remedy provision). However, the third-party petition asserts the claim of Jackson Brewery, not Norfleet, against Premier Concepts. Thus the exclusive remedy provision of the worker’s compensation laws is not applicable to the third-party demand.
Premier Concepts cites the cases which stand for the proposition that, when an employer, as lessee, has agreed to assume liability for defects in the property, as authorized by La. R.S. 9:3221, it is, nevertheless, not liable in tort (non-intentional tort) to its employees for defects in the leased premises. See e.g. Dumestre v. Hansell-Peletin, Inc., 96-1778 (La.App. 4 Cir. 1/29/97), 688 So.2d 187 (holding that 1989 amendment to worker’s compensation exclusive remedy provision ^prevents employer-lessee who has assumed premises liability form having non-intentional tort liability to its employee under dual capacity theory). However, these cases do not *527 deal with claims of indemnity by the lessor against the lessee and, thus, are not applicable to the present ease.
Premier Concepts also argues that, if it is required to indemnify Jackson Brewery for Norfleet’s claims against Jackson Bew-ery then Premier Concepts is being held liable, “indirectly,” for non-intentional tort claims of Norfleet for which it cannot be held liable “directly” (i.e. directly to Nor-fleet). Perhaps that is true in a sense, but the short answer to this argument is that premier Concepts contractually agreed to such “indirect” liability in its lease with Jackson Brewery. In other words, having voluntarily obligated itself to indemnify Jackson Brewery, Premier Concepts cannot renege upon that obligation to Jackson Brewery simply because the claim against Jackson Brewery was made by a Premier Concepts employee. The exclusive remedy provision of the worker’s compensation laws, which regulate liability as between employer and employee, do not strip Jackson Brewery, a stranger to the employment relation of Premier Concepts and Norfleet, of its contracted-for right to indemnify.
For the foregoing reasons, the writ application is granted and the judgment of the trial court, maintaining the exception of no cause of action and dismissing the third-party demand, is reversed.
WRIT GRANTED; REVERSED.