| tLOVE, Judge.
Third Party Defendant, CIGNA, appeals a summary judgment granted in favor of the defendants, Mervyn’s Department Store of California, Inc. For the following reasons, we find that the trial court judgment granting the defendant’s Motion for Summary Judgment was in error.

*212
FACTS AND PROCEDURAL HISTORY

Linda Brown (“Ms. Brown”) was employed by Mervyn’s Department Store of California, Inc. (“Mervyn’s”), located in the Lake Forest Shopping Center in New Orleans, Louisiana. On November 14, 1994, while in the course and scope of her employment, Ms. Brown fell down a flight of stairs. Ms. Brown filed a claim against Mervyn’s under the Louisiana Worker’s Compensation Act, seeking payment for medical treatment and weekly indemnity benefits.
As a result of her worker’s compensation claim, Mervyn’s paid Ms. Brown compensation benefits and medical expenses in the amount of twenty-six thousand eight hundred twenty-four dollars and twenty-six cents ($26,824.26).
li>,On September 1, 1995, Ms. Brown filed a petition for damages against CIGNA Corporation, which is the owner of the land leased by Mervyn’s, Audubon Construction Company and Sizeler Architects. In response to the lawsuit, on September 29, 1997, CIGNA Corporation filed a Third Party Demand against Mervyn’s alleging that in the lease agreement, Mervyn’s agreed to defend and indemnify CIGNA against claims such as Ms. Brown’s.
On or about May 7, 1998, Mervyn’s filed a Motion for Summary Judgment alleging that CIGNA’s Third Party Demand should be dismissed because as Ms. Brown’s employer, Mervyn’s is statutorily immune from suit under LSA-R.S. 23:1032.
On November 23, 1998, the trial court granted Mervyn’s Motion for Summary Judgment, thereby dismissing with prejudice CIGNA’s claim for contractual indemnity against Mervyn’s. CIGNA now appeals the trial court’s judgment.

DISCUSSION

Appellate courts review summary judgments de novo. Lawyer v. Kountz, 97-2701 (La.App. 4 Cir. 7/29/98), 716 So.2d 493. A summary judgment shall be rendered forwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(b). Summary judgments are now favored, and the rules regarding such should be liberally applied. See Lawyer v. Kountz, 716 So.2d at 495.
lain this appeal, the defendant argues that Louisiana’s Worker’s Compensation statute, La. R.S. 23:1032, bars the claim filed by CIGNA. In response, CIGNA argues that, although La. R.S. 23:1032 does provide statutory immunity from tort claims filed by an employee for on the job injuries, the statute does not preclude an employer from contractually agreeing to indemnify another party for claims brought by employees.
In part, Louisiana’s worker’s compensation statute, La. R.S. 23:1032, provides as follows:
A. (l)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal for said injury, or compensable sickness or disease.
*213 (b) The exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal under any dual capacity theory or doctrine.
In applying La. R.S. 23:1032, Louisiana case law is clear that an employee may not sue his employer in tort for non-intentional injuries sustained during the course and scope of employment. See Chase v. La. Riverboat Gaming P’ship, 31610 (La.App. 2 Cir. 9/22/99), 747 So.2d 115, 120. An employee’s exclusive remedy for on the job injuries is limited to worker’s compensation, in exchange for which, the employer is immune from any other liability arising out of the injury. See Haley v. Calcasieu Parish Sch. Bd., 99-883 (La.App. 3 Cir. 12/8/99), 753 So.2d 882, 888 unit denied, 2000-0054 (La.2/24/00), 755 So.2d 242. As the court in Roberts v. Orpheum, 610 So.2d 1097 (La.App. 4 Cir. 1992) articulated in describing the concept of worker’s compensation:
[E]ach party has surrendered certain rights to gain others. The employer has given up immunity under tort law to which he would be entitled if he were not at fault; the employee has given up the right to full compensation in order to collect some compensation for any injury sustained on the job.
Id. at 1101 (citing Ducote v. Albert, 521 So.2d 399, 403 (La.1988)).
In this case, pursuant to the terms of the lease, the employer/lessee agreed to indemnify the building owner/lessor for any claims due to defects on the property. In Louisiana, the general rule is that the owner/lessor bears responsibility for the condition of the leased premises. See La. Giv.Code Ann., Arts. 2695, 2317, 2322; Roberts, 610 So.2d at 1100. However, the Louisiana legislature enacted an exception to this rule, which enables the lessee to assume responsibility for the condition of the premises in the lease contract. La. R.S. 9: 3221; Mendoza v. Seidenbach, 598 So.2d 404, 405 (La.App. 4 Cir. 3/31/92); Dorion v. Eleven Eleven Building, 98-3018 (La.App. 4 Cir. 5/12/99), 737 So.2d 878. Specifically, La. R.S. 9:3221 provides:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
The issue that this Court must decide is, when an employee is injured in the course and scope of employment and asserts a worker’s compensation claim against his employer, is his employer immune from all other liability arising out of | Ssuch injuries, even if the employer has agreed to indemnify the owner/lessor of the employment premises.
This Court addressed this precise issue in Norfleet v. Jackson Brewing Market, Inc., 99-1949 (La.App. 4 Cir. 11/17/99), 748 So.2d 525. In Norfleet an employee was injured during the scope of her employment, due to alleged dangerous conditions on leased premises. The employee brought a personal injury action against the owner of the property from whom the employer leased the premises. In turn, the property owner and its liability insurer filed a third party demand against the employer and the employer’s liability insurer, seeking indemnity pursuant to the terms of the lease. Thereafter, the employer filed an exception of no cause of action against the third-party demand, arguing that under worker’s compensation laws, it was statutorily immune against non-intentional tort claims of its employee. *214 The trial court granted the employer’s exception of no cause of action. However, on application for supervisory writ, this Court reversed the trial court and found that the petition did state a cause of action.
In the writ application, the employer argued that if forced to indemnify the building owner, then he was being held “indirectly” liable for the non-intentional tort claims of his employee that he could not be held directly liable for under worker’s compensation laws. Norfleet, 748 So.2d at 526. In response to this argument, this Court stated:
Perhaps it is true in a sense, but the short answer to this argument is that Premier Concepts contractually agreed to such “indirect” liability in its lease with Jackson Brewery. In other words, having voluntarily obligated itself to indemnify Jackson Brewery, Premier Concepts cannot renege upon that obligation to Jackson Brewery simply because the claim against Jackson Brewery was made by a Premier Concepts employee. The exclusive remedy provision of the worker’s compensation laws, which regulate liability as between employer and employee, do not strip Jackson Brewery, a stranger to the employment \ ¿relation of Premier Concepts and Norfleet of its contracted-for right to indemnify. [Emphasis added]
Id. at 526.
Similarly, in this case, Mervyn’s contractually assumed responsibility for liability resulting from defects in the leased premises. In Louisiana, parties may contract for any lawful cause. La. Civ. Code art. 1971. This provided, Louisiana courts have held that an employer is not prohibited from entering into an indemnification agreement with a potential third party tortfeasor, such as a lessor. See Miller v. Louisiana Gas Serv. Co., 95-874 (La.App. 5 Cir. 6/25/96) 680 So.2d 52, 55; Berninger v. Georgia-Pacific Corp., 582 So.2d 266, 267 (La.App. 1 Cir.1991). Thus, there is no Louisiana statute which prohibits the indemnification agreement entered into between Mervyn’s and the building owner. As such, the indemnification provision contained in the lease contract is lawful. See La.Civ.Code art. 1971.
Additionally, it is well settled that the provisions of a lease can affect third parties and govern the rights between the parties. See Roberts, 610 So.2d at 1100. Consequently, the lease agreement constitutes the law between the parties. See K & M Ent. Slaughter, Inc. v. Pennington, 99-0930 (La.App. 1 Cir. 5/12/00, 764 So.2d 1089), unit denied, 766 So.2d 548 (La. 2000). Therefore, in this case, the lease contract dictates the rights between Mer-vyn’s, the building owner and third parties. In the lease contract, Mervyn’s agreed to indemnify and defend the building owner for all claims filed by third parties injured on the leased premises. As the Court in Norfleet determined, Mervyn’s cannot relinquish this obligation solely because the third party who made the claim against the building owner happened to be a Mervyn’s employee. See Id., 748 So.2d at 526. Admittedly, the indemnification 17agreement contained in the lease exposes Mervyn’s to liability in excess of its’ worker’s compensation obligation. However, as in Noifleet, since Mervyn’s voluntarily agreed to this arrangement, it is bound to honor this commitment.
Accordingly, we find that the trial court erred in granting Mervyn’s Motion for Summary Judgment.

DECREE

For the reasons assigned therein, the judgment of the trial court is reversed.

REVERSED.