PITMAN, J.
h Third-Party Defendant Paul Eikert appeals the trial court’s rulings in favor of Plaintiff Deborah Beebe and Defendant Hollis Charles Larche. For the following reasons, we affirm.

FACTS

On December 4, 2003, Ms. Beebe filed a petition for damages in which she named Mr. Larche as the defendant.[1] She alleged that Mr. Larche owned a building in Bastrop, Louisiana, and that Paul Eikert, d/b/a Cooper Lake Grocery, had a business located inside the building. She stated that she was an employee of Mr. Eikert and that, on December 19, 2002, while at work, she was injured when she slipped and fell in water that came through the leaking rooi/ceiling. She alleged that Mr. Larche was aware of a leaking roof/ceiling that caused water to pool on the floor of the business, but-that he failed to warn or remedy the defective arid unreasonably dangerous condition.
On October 4, 2005, Mr. Larche filed an answer and third-party demand, stating that the lessee at the time of the alleged accident .was Mr. Eikert and. that their lease agreement required Mr. Eikert to hold Mr.. Larche harmless from any .damages or injuries occasioned by defects of the premises. Mr. Larche stated that he did everything reasonably within his power to keep the premises safe whenever called upon or whenever he had any notice of any problems. He pled .the affirmative defenses of comparative negligence and assumption of the risk and contended that it was Mr. Eikert’s responsibility to monitor and prevent defects on the ^premises. Mr. Larche made Mr. Eikert a third-party defendant and requested indemnification from him for any damages with which he might be assessed.
Regarding, the third-party demand, a preliminary default against Mr. Eikert and in favor of Mr. Larche was granted on June 26, 2006,. On March 27, 2007, the third-party demand came before the trial court for confirmation of the default judgment, Mr. Larche testified about the lease between himself and Mr. Eikert. An unsigned copy of the lease was entered into the record,[2] and Mr. Larche explained *732 that he lost his signed copy. Attorney Woodrow Wilson testified that he drafted the lease and that it was executed. The trial court granted the default judgment and ordered that Mr. Eikert be cast in judgment for any and all damages and court costs that may be assigned to Mr. Larche. Mr. Eikert was personally served with notice of the judgment.
After several trial settings and continuances, Ms. Beebe and Mr. Larche proposed a consent judgment on August 22, 2014. Ms. Beebe was awarded $40,000 plus court costs. Pursuant to La. R.S. 9:3221,[3] IsMr. Larche was held legally harmless, and judgment was cast against Mr. Eikert pursuant to the default judgment.
On August 28, 2014, Mr. Eikert filed a motion to reconsider judgment on third-party demand, stating that he was never served with the third-party demand and alleging insufficient service. He further stated that although the sheriffs return purported to show personal service on “Paul Eikart” at “6988 United Street, Bas-trop, LA 71220,” there is no building with the address of “6988 United Street.”[4] He also stated that his work records demonstrate that he worked away from home on the date the service was allegedly made. He requested that the trial court set aside the default judgment and that he be allowed to respond to the third-party de-maud because the 2007 judgment was entered without valid service and because the proof offered to confirm the default was insufficient.
That same day, Mr. Eikert filed a motion for permission to intervene. He stated that, in response to her fall, Ms. Beebe filed a workers’ compensation claim against him. He alleged that he has a lien on any amount recovered by Ms. Beebe in the current litigation for repayment of workers’ compensation benefits paid to her.
Also on August 28, 2014, Mr. Eikert filed a motion for new trial regarding the consent judgment. He argued that the judgment cannot be considered a consent judgment because he is a party to the proceedings and did not consent to entry of the judgment.
14 On October 30, 2014, Mr. Larche filed an -answer and exceptions of prescription and peremption. He alleged that Mr. Ei-kert was personally served and that his attempt to bring a nullity action against the consent judgment was subject to a prescriptive period of one year. He stated that Mr. Eikert’s action both prescribed and perempted. On October 31, 2014, Ms. Beebe filed an answer and exceptions of prescription and peremption and raised *733 the same arguments asserted by Mr. Larche.
A hearing on Mr. Eikert’s motions was held on' November 18, 2014, wherein he stated that his motion to intervene was moot. On December 4, 2014, the trial court signed a judgment dismissing the motion to reconsider the 2007 judgment; finding that the motion to intervene is moot; and resetting the hearing on the motion for new trial.
On January 5, 2015, Mr. Eikert filed an exception of no cause or right of action. He argued that the third-party demand failed to set forth a cause or right of action in the absence of an indemnity agreement or of a direct action by Ms. Beebe against him.
On February 5, 2015, a hearing was held regarding the motion for new trial and the exception of no cause or right of action. On February 19, 2015, the trial court dismissed with prejudice the exception of no cause or right of action and also dismissed with prejudice the motion for new trial on the consent judgment and the exception of lack of jurisdiction.
Mr. Eikert filed a motion for a suspen-sive appeal on March 11, 2015. He sought review of all final and interlocutory judgments rendered against him in this matter, including, but not limited to, the August 2014 consent [¿judgment; the February 2015 dismissals of the motion for new trial, the exception of lack of jurisdiction and the exception of no cause or right of action; the December 2015 judgment dismissing the motion to reconsider the 2007 judgment and finding the motion to intervene to be moot; and the March 2007 default judgment.

DISCUSSION

No Cause of Action

In his first assignment of error, Mr. Eikert argues that the .trial court erred in denying his exception of no cause of action.- He contends that neither Ms. Beebe nor Mr. Larche has a cause of action against him under'the lease between himself and Mr. Larche because the indemnity provision is unenforceable. He states that no agreement may be interpreted to require indemnification for the contracting party’s own negligence unless the agreement specifically provides for indemnification for negligence. He also states that the indemnity provision does not specifically require him to indemnify Mr. Larche for losses incurred due to Mr. Larche’s own negligence. Mr. Eikert further contends that Ms. Beebe and Mr. Larche seek to use the indemnity provision to circumvent the Louisiana Workers’ Compensation Act. He argues that workers’ compensation provides an employer with a full defense against any tort claim asserted by the employee for an injury sustained in the course and scope of employment and that it provides Ms. Beebe with the exclusive remedy available for her injuries.
Mr. Larche and Ms. Beebe argue that prescription has run on Mr. Eikert’s attempt to attack the 2007 judgment. Mr. Larche states that | (¡workers’ compensation is not an issue in a third-party tort action and that there is no jurisdictional conflict in this case. He. alleges that the consent judgment does not address the course and scope of employment and that it merely requires Mr. Eikert to honor the terms of the lease and hold him harmless for any alleged defects on the premises up to $40,000. Ms. Beebe argues that there is no Louisiana statute that prohibits the indemnification agreement between Mr. Ei-kert and Mr. Larche. She contends that Mr..Eikert voluntarily entered into the agreement and is, therefore, bound to hon- or his commitment.
*734 In Ramey v. DeCaire, 03-1299 (La.3/19/04), 869 So.2d 114, the Louisiana Supreme Court discussed the function of a peremptory exception of no cause of action and stated:
A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right .to judicially assert the action against the defendant. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in' the pleading. Id. at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts. well-pleaded' allegations of fact as true. Jackson v. State ex rel. Dept. of Corrections, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; Everything on Wheels Subaru, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.
[...]
The burden of demonstrating that the petition states no cause of action is upon the' mover. City of New Orleans v. Board of Com’rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In-reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts |7should' conduct a de novo review because the exception raises a question of ■ law and the lower court’s decision is based solely on the sufficiency of the petition. Fink v. Bryant, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; City of New Orleans at p. 28, 640 So.2d at 253. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff’s behalf, the petition states any valid cause of action for relief. City of New Orleans at p. 29, 640 So.2d at 253.
La. R.S. 23:1032 provides employers immunity from civil suits brought by their employees and states, in part:
A.(1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer; director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
(2) For purposes of this Section, the word “principal” shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which *735 he had contracted to perform and contracts with any person for the execution thereof.
B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
In his exception of no cause or right of action, Mr. Eikert argued that Mr. Larche’s third-party demand and Ms. Beebe’s motion for entry of ^consent judgment should be dismissed for failure to set forth a cause or right of action. In the third-party demand, Mr. Larche asserted his claim as lessor, not Ms. Beebe’s claim as employee, against Mr. Eikert as lessee. The exclusive-remedy provision of La. R.S. 23:1032 does not strip Mr. Larche, a stranger to the employment relationship of Ms. Beebe and Mr. Eikert, of his contracted-for right to indemnity and, therefore, is not applicable to the third-party demand. See Brown v. Connecticut Gen. Life Ins. Co., 00-0229 (La.App. 4th Cir.3/7/01), 793 So.2d 211, writ denied, 01-2857 (La.1/11/02), 807 So.2d 238, and Norfleet v. Jackson Brewing Mkt., Inc., 99-1949 (La.App. 4th Cir.11/17/99), 748 So.2d 525. Mr. Larche and Ms. Beebe both had causes of action in this case; and, therefore, the trial court properly dismissed Mr. Eikert’s exception of no cause or right of action.
Accordingly, this assignment of error lacks merit.

The Default Judgment

In his second assignment of error, Mr. Eikert argues that the trial court erred in entering the March 27, 2007 judgment, i.e., the default judgment. He asserts that the default judgment is an interlocutory judgment that is properly before this court on appeal. He contends that the judgment only addresses whether Mr. Larche has a right to enforce the indemnity agreement and that it does not address whether Ms. Beebe can enforce the. agreement to recover her alleged losses. He notes that it also does not resolve the remaining issues of fault, causation, damages and the amount to be paid as indemnity.
|nMr. Larche and Ms. Beebe argue that the 2007 judgment is a final, unappealable judgment. Mr. Larche contends that it did not dispose .of preliminary matters, but, rather, concluded the entire case insofar as Mr. Larche’s third-party demand against Mr. Eikert. Ms., Beebe argues that the judgment clearly recognized the validity of the indemnification lease, exonerated Mr. Larche from claims by Ms. Beebe and directed that Mr. Eikert bear any such damages that might be owed to her. She contends that Mr. Eikert failed to respond to any petitions, the third-party demand, discovery and notice of judgment, which effectively removed him from the lawsuit. She also argues that, as a final judgment, it can only be attacked for vices of form or substance.
La. C.C.P. art. 1841 states:
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
La. C.C.P. art. Í038 states:
The court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits; and after adjudicating the action first *736 tried, shall retain jurisdiction for the adjudication of the other.
When the principal and incidental actions are tried separately, the court may render and sign separate judgments thereon. When in the interests of justice, the court may withhold the signing of the judgment on the action first tried until the signing of the judgment on the other.
hnThe default judgment is a final judgment. The judgment cast Mr. Eikert for any and all damages and court costs that Mr. Larche may incur or sustain in this action by Ms. Beebe and also ordered Mr. Eikert to hold Mr. Larche harmless for any alleged defects or damages occasioned thereby.
As a final judgment, the default judgment can only be attacked collaterally by the grounds enumerated in La. C.C.P. arts. 2001, et seq. The nullity of a final judgment may be demanded for vices of either form or substance. La. C.C.P. art. 2001. La. C.C.P. art. 2002(A) states:
A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
(3) By a court which does not have jurisdiction over the subject matter of the suit.
La. C.C.P. art. 2003 adds:
A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.
A final judgment obtained by fraud or ill practices may be annulled, and an action to annul the judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices. La. C.C.P. art. 2004.
A review of the record demonstrates that Mr. Eikert was served with pleadings and judgments in this case, including personal service of the Innotice of judgment of the default in March 2007. Mr. Eikert chose not to participate in this case until August 2014. His acquiescence precludes him from any relief based on arguments of deficiencies of service. Mr. Eikert has not demonstrated that the 2007 judgment was obtained by fraud or ill practice. Further, any arguments of fraud or ill practice are untimely, as La. C.C.P. art. 2004 sets forth a one-year time period to bring such an action. Mr. Eikert was served in 2007 with notice of judgment, but did not file his motion to reconsider the judgment until 2014, which is not within the one-year time period.
Accordingly, this assignment of error lacks merit.

The Consent Judgment

In his third assignment of error, Mr. Eikert argues that the trial court erred in entering the August 22, 2014 judgment, i.e., the consent judgment. He contends that the trial court attempted to adjudicate a matter that was within the exclusive jurisdiction of the workers’ compensation court. He argues that, assuming the indemnity agreement is enforceable, there was not sufficient evidence to support a judgment against him under the indemnity agreement because there is no evidence that Mr. Larche incurred any loss. Mr. Eikert also alleges that the consent judgment is an invalid judgment due to procedural deficiencies, noting that the judgment was entered in chambers and ex *737 parte without notice or hearing. He states that a valid default judgment may only award the relief specifically prayed for by the party seeking the default and that Ms. Beebe did not pray for any relief against Mr. Eikert. Mr. Eikert further argues that the consent judgment does |12not effectuate the default judgment because it addresses new legal and fact issues. He contends that the consent judgment is void for lack of definiteness and/or internal contradictions. He points out that the judgment is in favor of Ms. Beebe and against Mr. Larche, but that Ms. Beebe is prohibited from attempting to collect the judgment. He also contends that the judgment does not appear to be for a certain sum because it is for $40,000 plus “any and all damages and court costs.”
Mr. Larche and .Ms. Beebe argue that the indemnification issue is in no way affected by Ms. Beebe’s workers’ compensation claim. They contend that an employee may seek workers’ compensation and a civil tort suit. They argue that evidence was presented to support the judgment. Mr. Larche argues that the consent judgment does precisely what it purported to do, i.e., acknowledge the previous judgment’s enforcement of the indemnity lease and set a cap on the amount Ms. Beebe could recover from Mr. Larche. Mr. Larche argues that, because Mr. Eikert judicially confessed that his motion to intervene was moot, he has no standing to attack any of the judgments'. Both Mr. Larche and Ms. Beebe note that Mr. Ei-kert was personally served with a third-party demand and with the notice of judgment and that he failed to respond to these notices. Ms. Beebe argues that Mr. Ei-kert’s attempt to link his attack on the default judgment to the consent judgment is precluded by prescription, peremption and acquiescence.
hsAs discussed, supra, the indemnity provision is enforceable. The trial court had jurisdiction to adjudicate this matter because it does not fall within the exclusive jurisdiction of the worker’s compensation court.
In Martin Forest Products v. Grantadams, 616 So.2d 251 (La.App.2d Cir.3/31/93), writ denied, 619 So.2d 580 (La.1993), this court discussed consent judgments and stated:
A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an -end to a law suit with each party balancing the hope of gain against the fear of loss. Williams v. Williams, 586 So.2d 658, 661 (La.App. 2d Cir.1991). A consent judgment has binding force from the presumed voluntary acquiescence of the parties, not from adjudication by the court. Black Collegiate Services, Inc. v. Ajubita, 600 So.2d 761, 764 (La.App. 4th Cir.1992), writ denied, 606 So.2d 544 (La.1992). Thus, consent judgments, as opposed to contested judgments, may be invalidated for- unilateral error as to a fact which was a principal cause for making the contract, where the other party knew or should have known it was the principal cause. However, a consent judgment needs no cause or consideration other than an adjustment of differences and a desire to set at rest all possibility of litigation. Williams, 586 So.2d at 661; Succession of Simmons, 527 So.2d 323, 325 (La.App. 4th Cir.1988), writ denied, 529 So.2d 12 (La.1988).
The consent judgment is a valid judgment. It does not suffer procedural deficiencies and is not void for lack of definiteness or internal contradictions. Mr. Eikert does not present any arguments that the consent judgment should be invalidated for unilateral error as to a fact.
Mr. Eikert’s additional arguments regarding the consent judgment are at *738 tempts to attack the 2007 default judgment. As discussed, supra, the default judgment is a final judgment, and any attacks pursuant to La. C.C.P. arts.2001, et seq., are untimely.
Accordingly, this assignment of error lacksmer.it.
| uMotion for New Trial
In his fourth- assignment of error, Mr. Eikert argues -that the trial court erred or abused its discretion in denying his motion for new trial. He contends that the trial court should have considered his attorney’s affidavit or testimony in support of his motion.
Mr. Larche argues that this affidavit is inadmissible hearsay and is also prbhibited by the Rules of Professionalism regarding an attorney acting as a material witness. Ms. Beebe' argues that the affidavit was a self-serving affidavit by his attorney; and, therefore, it was properly excluded. She alleges that the affidavit contains hearsay and double hearsay and notes that' the affiant was an officer of the court and made his argument.
La. C.C.P. art.1972 sets forth the peremptory grounds for granting a motion for new trial and states:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial. ■
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been- done.
La. C.C.P. art. 1973 sets forth the discretionary grounds for granting a motion for new trial: “A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.” Although a trial judge has much discretion in determining if a new trial is warranted, an appellate court may set aside the ruling of the trial judge in a case of manifest abuse of that discretion. Johnson v. European Motors-Ali, 48,513 (La.App.2d Cir.11/20/13), 129 So.3d 697, writ denied sub nom., Johnson v. European Motors-Ali, 13-2964 (La.2/28/14), 134 So.3d 1178.
Mr. Eikert did not meet the peremptory or discretionary grounds for a new trial. The judgment does not appear clearly contrary to the law or evidence. The trial court did not abuse its discretion when refusing to consider Mr. Eikert’s attorney’s affidavit or testimony in- support of his motion for' new trial. The affidavit was inadmissible hearsay in- that it was an out-of-court statement offered in evidence to prove the truth of the matter asserted. La. C.E. art. 801(C); La. C.E. art. 802.
Accordingly, this assignment of error lacks merit.

CONCLUSION

For the foregoing reasons, the trial court’s rulings in- favor of Plaintiff Deborah Beebe and Defendant Hollis Charles Larche and against Third-Party Defendant Paul Eikert are affirmed. Costs of this appeal are assessed to Paul Eikert.
AFFIRMED.

. The record suggests that Ms, Beebe also filed a workers' compensation claim against her employer, Mr. Eikert. The workers’ compensation case is not before this court on appeal.

. The lease stated, in part:
It is especially understood and agreed that as a further consideration of this contract, the Lessee'... especially release[s] the Lessor from all warranty against vices and/or *732 defects of said premises and all liability for damages suffered from said vices and/or defects.
[[Image here]]
Lessee binds and obligates himself to hold Lessor free and harmless from any and all claims for personal injury or property damages that might hereafter arise during the term of this lease. Lessee assumes Ml responsibility for the condition of the leased premises.

. La. R.S. 9:3221 states:
Notwithstanding the provisions of Louisiana Civil Code Article 2699, the owner of premises leased under a contract whereby .the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.

. Notice of the 2014 consent judgment was sent to Mr. Eikert at 6998 United Street, Bastrop, LA 71220.