LOLLEY, J.
11 Paul Eikert appeals an order of the Fourth Judicial District, Parish of More-house, State of Louisiana. The trial court ordered the Morehouse Parish Clerk of Court to pay all of the cash bond posted by Eikert, up to $67,796.01, plus all court costs, to Deborah Beebe, plaintiff in these proceedings. For the following reasons, we affirm the trial court’s order and instruct the Clerk of Court for the Fourth Judicial District, Parish of Morehouse to pay Beebe the funds as ordered by the trial court.
Facts
This current appeal is the continuation of litigation involving Beebe, her employer, Eikert, and Hollis Larche. In this ongoing legal fight, the detailed facts are discussed in the previous rendition of the case, Beebe v. Larche, 50,267 (La.App. 2 Cir. 11/18/15), 184 So.3d 729, writ denied, 2016-0249 (La. 04/04/16), 190 So.3d 1207 (“Beebe I”). In brief, Beebe sued Larche for a personal injury she sustained on the premises owned by Larche. He, in turn, filed an answer and third party demand against Eikert, his lessee and Beebe’s employer, claiming indemnity under the terms of the lease agreement between Larche and Ei-kert. In March 2007, Larche obtained a judgment against Eikert, which determined that Eikert did indeed agree to indemnify Larche under the terms of their *1116 agreement (the “March 2007 judgment”).[1] That judgment did not set forth a specific amount due, but stated Eikert would be responsible “for any and all damages and court costs that ... Larche may incur or sustain in this action by and from ... 12Beebe, and also ordering ... Larche harmless from any alleged defects or damages [.] ” (Emphasis added.)
In August 2014, Beebe and Larche settled for a flat $40,000.00 and entered into a consent judgment (the “August 2014 judgment”). There was no mention of interest in the judgment. Pursuant to that judgment, Beebe was prohibited from attempting to collect the amount directly from Larche. Instead, the judgment authorized Beebe to seek the $40,000.00 by enforcing the March 2007 judgment against Eikert, who then appealed. The trial court required security in the amount of $65,532.60, which Eikert posted. Beebe prevailed on appeal. See Beebe I. Thus, both the March 2007 judgment and the August 2014 judgment were affirmed and are final, enforceable judgments.
The activity that followed is the subject of this appeal. After Beebe /, Beebe filed a motion in the trial court and attempted to collect pursuant to the August 2014 judgment. In her motion, Beebe suggested that Eikert had exhausted all his appeal rights and she requested the trial court order Eikert to show cause why the entire cash bond he posted should not be paid to her. Thus, she sought the principal amount of the August 2014 judgment plus legal interest, which is the crux of this matter. Ei-kert maintained that Beebe was not entitled to the interest. Beebe claimed that as a matter of law interest should run from the date of judicial demand until paid. She argued that the date of judicial demand is the date she filed suit against Larche. To complicate matters, after Beebe’s motion, Eikert filed a petition to annul the August 2014 judgment, which is still pending in the trial court. The trial court ruled in favor of Beebe, finding she was entitled to an immediate | ¡^payment of $67,796.01 ($40,000.00 plus $27,796.01 in interest from the date of judicial demand). Eikert appeals that ruling.
Discussion
Eikert’s first two assignments of error are closely related. First, he questions whether Beebe is statutorily entitled 'to interest on the $40,000.00 judgment, because her claim against him is in contract and not in tort. According to Eikert, the only reason Beebe has any rights against him is his indemnification agreement (ie., a contract) with Larche. Thus, he maintains Beebe’s claim against him is not in tort, and she is not entitled to statutory legal interest. In his second assignment, he argues that Beebe is not entitled to interest on the $40,000.00, because the August 2014 judgment made no mention of interest.
From the time she has sought to enforce the August 2014 judgment, Beebe has maintained that she is entitled to interest pursuant to La. R.S. 13:4203, which provides for interest on tort cases: “Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, ‘ex delicto,’ which may be rendered by any of the courts.” The trial court noted that the August 2014 judgment was silent on the issue of interest. However, in concluding that Eikert owed interest on the original judgment amount, the trial court explained that the original petition, a *1117 tort action, did request interest from date of judicial demand until paid. We agree.
There are two material facts in this matter: (1) Beebe filed a personal injury lawsuit against Larche, the owner of the premises; and, (2) Eikert agreed, in their lease agreement, to hold Larche harmless from “all liability for damages suffered from” vices or defects in the leased premises. | ¿(Emphasis added.) That agreement was confirmed by the March 2007 judgment.
Notably, legal interest on a tort claim is not discretionary with the court. Duplechain v. Jalili, 2010-736 (La.App. 3 Cir. 12/8/10), 52 So.3d 1072, writ denied, 2011-0087 (La. 03/25/11), 61 So.3d 664; Turner v. Ostrowe, 2001-1935 (La.App. 1 Cir. 09/27/02), 828 So.2d 1212, writ denied, 2002-2940 (La. 02/07/03), 836 So.2d 107. Legal interest on judgments for damages in tort cases is an operation of law. The interest attaches automatically until the judgment is paid regardless of whether it was prayed for in the petition or mentioned in the judgment. Stewart v. Ice, 2007-0871 (La.App. 4 Cir. 04/09/08), 982 So.2d 928, writ denied, 2008-1000 (La. 08/29/08), 989 So.2d 101. Eikert argues that legal interest should not accrue against him in this case, maintaining that Beebe’s claim is based in contract and not in tort. His argument is misplaced.
Indemnity in its most basic sense means reimbursement, and may lie when one pai’ty discharges a liability which another rightfully should have assumed. Nassif v. Sunrise Homes, Inc., 98-3193 (La. 06/29/99), 739 So.2d 183; Richey v. Moore, 36,785 (La.App. 2 Cir. 03/07/03), 840 So.2d 1265, writ denied, 2003-0987 (La. 05/30/03), 845 So.2d 1054; Naquin v. Louisiana Power & Light Co., 2005-2104 (La.App. 1 Cir. 11/17/06), 951 So.2d 228, 231, writ denied, 2006-2979 (La. 03/09/07), 949 So.2d 441. The general rules governing the interpretation of contracts apply in construing a contract of indemnity. Soverign Ins. Co. v. Texas Pipe Line Co., 488 So.2d 982 (La. 1986); Naquin, supra.
Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art. 2045. When the words of a contract are clear [sand explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art. 2046. Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include. La. C.C. art. 2051. When the parties intend a contract of general scope but, to eliminate doubt, include a provision that describes a specific situation, interpretation must not restrict the scope of the contract to that situation alone. La. C.C. art. 2052. A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties. La. C.C. art. 2053. When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose. La. C.C. art. 2054. Equity is based on the principles that no one is allowed to take unfair advantage of another and that no one is allowed to enrich himself unjustly at the expense of another. La. C.C. art. 2055.
Initially, we note that any issue of the validity of the indemnity clause in the lease agreement between Eikert and Larche is final—Beebe I affirmed the trial court’s March 2007 judgment on that issue. Beebe I, at 737. Thus, we will not revisit *1118 the issue of the validity of the indemnity agreement. In this case, the words of the indemnity clause are general and broad, and express the intent that Eikert be fully responsible for “all liability for damages suffered from said vices and/or defects.” (Emphasis added.)
|fiBecause of the indemnification agreement, Eikert steps into Larche’s shoes. The March 2007 judgment ordered Eikert to hold.Larche harmless for all damages Larche may be responsible for as per their agreement. Pursuant to the August 2014 judgment, Larche was liable to Beebe for the personal injury she suffered on the premises. When reading the two judgments together, we conclude that whereas Eikert’s obligation to Larche stems from a contract, Larche is liable to Beebe in tort. There is no question that pursuant to La. R.S. 18:4203, Beebe was entitled to legal interest from the date of judicial demand, and Larche was liable to her for the amount accrued until paid. Because Eikert agreed to indemnify Larche for all damages he sustained, it follows that Eikert is indeed responsible not only for the principal judgment amount of $40,000.00, but also for the interest in the amount of $27,-796.01—those amounts which Larche was liable for.
Furthermore, considering the effect of the indemnity agreement between Larche and Eikert, it is of no import that Beebe did not make judicial demand directly on Eikert. To reiterate, Eikert is liable to Beebe because he agreed to hold Larche harmless for all damage he sustained. The lease agreement between Larche and Ei-kert established that fact, and the March 2004 judgment legally confirmed their agreement. As already discussed, legal interest accrued against Larche when judicial demand was made on him. It follows that Eikert is liable to Beebe by virtue of the fact that he agreed to indemnify Larche for all his liability. Thus, Eikert is liable for all Larche’s damages, including the statutorily imposed legal interest that accrued from the date judicial demand was made on Eikert’s indemnitee, Larche. His argument lacks merit.
[7Moreover, because legal interest accrues in a tort action statutorily, it occurs by operation of law. There is no requirement that the judgment include an order for legal interest since it is statutorily mandated. Eikert’s argument that the judgment failed to mention the inclusion of legal interest has no bearing, and this assignment of error is also without merit.
Eikert additionally takes the position that Beebe is not entitled to legal interest on the August 2014 judgment, because that judgment was the result of a settlement. Interest is paid on tort damages recovered through settlements. Duplechain, supra, at 1078, citing King v. Illinois Nat. Ins. Co., 34,473 (La.App. 2 Cir. 02/28/01), 782 So.2d 1104, 1111, writs denied, 2001-1244, 2001-1245 (La. 06/22/01), 794 So.2d 788. There is no merit to Eikert’s argument.
In his fifth and final assignment of error, Eikert questions whether Beebe is entitled to collect on the judgment while his petition for nullity regarding the August 2014 judgment is pending.[2] The only argument he provides on this issue is that the $40,000.00 will remain in dispute until the petition for nullity is resolved. We cannot find any authority that would serve to authorize the suspension of execution of a judgment alleged to be a nullity, espe- *1119 dally one that has already been affirmed on appeal.[3] Revision comment (b) to art. 2005, citing Succession of Lissa, 194 La. 328, 193 So. 663 (1940), and Collins v. McCook, 17 La.App. 415, 136 So. 204 (1931), observes that, “it has been held that the action of nullity is independent of the remedy by appeal and both remedies may be maintained at the same time without conflict.” It stands to reason that if the nullity action is independent of the appeal of a judgment, the nullity action would also be independent of the execution of that judgment already affirmed on appeal.
In Henderson v. Wilcox, 2 La.Ann. 502 (1847), the prevailing party attempted to make executory a judgment affirmed by the Louisiana Supreme Court. The judgment debtor obtained an injunction to restrain the execution. The Henderson court stated that the judgment debtor had no right to enjoin the execution of the judgment, stating that “the decree of the Supreme Court was not conditional, but absolute, as to the matters which it professed to decide. That judgment should have been satisfied by [the judgment debtor], and he had no right to restrain its execution, while attempting to litigate the other matters of controversy.” Id. at 502.
Furthermore, considering that prescription on an action to nullify a judgment runs fl’om the date of discovery of a reason to nullify, it also stands to reason that judgments already made executory may be subject to later attack. Therefore, we can see no reason why, in this instance, the August 2014 judgment, which this court has already reviewed and affirmed, should not be made executory and payment of the cash bond immediately be made to Beebe. Despite Eikert’s argument to the contrary, his petition to annul the August 2014" judgment is a separate action and that action is not grounds to suspend the execution of the August 2014 judgment. His assignment of error has no merit.
Conclusion
Considering the foregoing, the order of the trial court in favor of Deborah Beebe is affirmed. All costs of this appeal are to be paid by Paul Eikert.
AFFIRMED.

. The March 2007 judgment was obtained by default. After being properly served, Eikert failed to respond, and the default was entered. Eikert ultimately appealed the judgment, which was affirmed. Beebe I, at 736.

. Having failed to prevail in Beebe I, Eikert filed a petition in nullity on June 26, 2016, in a separate action, regarding the August 2014 judgment—after Beebe had filed her motion to have the cash bond paid to her.

. When considering Eikert’s petition, the trial court should observe that because this judgment has already been affirmed on appeal, the standard "for determining whether it should be annulled is provided in La. C.C.P, art. 2005, which states, in pertinent part, “A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court, may be annulled only when the ground for nullity did not appear in the record of appeal or was hot considered by the appellate court." (Emphasis added.) . , * ,.