EVANGELIA BILALIS       *      NO. 2024-CA-0527

VERSUS       *      COURT OF APPEAL

WALLACE DRENNAN AND     *      FOURTH CIRCUIT
ZURICH AMERICAN
INSURANCE COMPANY      *      STATE OF LOUISIANA

                              *

                              *

                 * * * * * * *

**ATKINS, J., CONCURS IN THE RESULT AND ASSIGNS REASONS.**

      I respectfully concur as I agree with the decision to affirm the trial court, but I write separately for the following reasons. Essentially, each side asked the trial court and now asks this Court to ignore part of the December 11, 2023 judgment. Appellee, Evangelia Bilalis ("Ms. Bilalis"), requests that the date erroneously listed as the date of judicial demand (November 17, 2023, the date the jury rendered its verdict) be ignored. Wallace Drennan and Zurich American Insurance Company ("Appellants") request that the phrase "the date of judicial demand" be ignored insofar as that phrase has been defined by codal law. In my view, the issue in this appeal is not what the judgment itself states but to what amount of judicial interest Ms. Bilalis is entitled according to the laws of this state. In light of what the pertinent laws provide, I agree with Ms. Bilalis that the date erroneously listed in the judgment as the date of judicial demand (November 17, 2023, the date the jury rendered its verdict) can and should be ignored. Accordingly, I find Ms. Bilalis is entitled to judicial interest retroactive to the date she filed her petition by operation of law.

      Resolution of this issue involves the interpretation and application of the relevant statutes and code articles. When "[a]n appellate court reviews a question of law, including the proper interpretation of a statute [or code article]," the

1

appellate court does so "under the *de novo* standard of review, thereby giving no deference to the trial court's interpretation of same." *Hurel v. Nat'l Fire & Marine Ins. Co.*, 2025-0049, p. 5 (La. App. 4 Cir. 3/11/25), ___ So.3d ___, ___, 2025 WL 762645, at *3 (alterations in original) (quoting *225 Baronne Complex, LLC v. Roy Anderson Corp.*, 2024-0401, p. 10 (La. App. 4 Cir. 1/31/25), ___ So.3d ___, ___, 2025 WL 354086, at *5). Likewise, "a trial court's application of a statute or code article to the facts of a case presents a question of law to be reviewed under the *de novo* standard of review." *Id.* (quoting *State v. Crowther*, 2024-0625, p. 7 (La. App. 4 Cir. 1/31/25), ___ So.3d ___, ___, 2025 WL 354084, at *3).

When a court interprets a statute or code article, the court "starts with the language of the statute." *Id.* (quoting *Gemelli v. State*, 2022-0345, p. 3 (La. App. 4 Cir. 11/17/22), 352 So.3d 131, 133). As La. C.C. art. 9 instructs, "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law *shall* be applied as written and no further interpretation may be made in search of the intent of the legislature." (Emphasis added). Further, La. R.S. 1:3 provides, "The word 'shall' is mandatory and the word 'may' is permissive." That is, the word "shall" does not connote "the possibility of being 'optional' or even subject to 'discretion.'" *Bankers Ins. Co. v. EMIII Holdings, LLC*, 2024-0386, p. 17 (La. App. 4 Cir. 12/16/24), ___ So.3d ___, ___, 2024 WL 5116650, at *8 (quoting *La. Fed'n of Tchrs. v. State*, 2013-0120 (La. 5/7/13), 118 So.3d 1033, 1051). Rather, it "means imperative" and is of "import with" and equivalent to the word "must." *Id.*

As the Opinion of this Court explains, Louisiana Revised Statutes 13:4203 provides that "[l]egal interest *shall* attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto', which may be rendered by any of the courts." In terms of the date of judicial demand, La. C.C.P. art. 421 states, "A civil action is a demand for the enforcement of a legal right. It is commenced by

2

the filing of a pleading presenting the demand to a court of competent jurisdiction." Reading these two laws in conjunction with each other and bearing in mind the above statutory interpretation precepts, I find that Ms. Bilalis is entitled to interest retroactive to the date she filed her petition, December 22, 2020, i.e., the date of her judicial demand, no matter what the trial court's December 11, 2023 judgment stated. Louisiana Revised Statutes 13:4203 uses the mandatory word "shall," thereby establishing that the parties and the trial court cannot determine the date on which interest begins to run by providing a date in a judgment. The law does. Even if, in this case, the trial court's judgment had correctly stated "plus judicial interest thereon from *December 22, 2020*, the date of judicial demand until paid," the judgment's inclusion of the correct date on which Ms. Bilalis made judicial demand (December 22, 2020) is not what would have entitled her to judicial interest from that date. Instead, it is La. R.S. 13:4203 that entitled Ms. Bilalis to same. Of note, neither La. R.S. 13:4203 nor La. C.C.P. art. 421 contains a caveat or condition to the effect that the date on which interest begins to accrue may be any day other than the actual date of judicial demand. As a result, Ms. Bilalis is entitled to interest from the date of her petition by operation of law based on the clear and unambiguous language of La. R.S. 13:4203. The parties and the trial court did not have the authority to change this, nor does this Court. We must apply the law as written.

Not only do I find this result to be warranted based on the principles of statutory interpretation outlined above, I also find this position is buoyed by the jurisprudence interpreting La. R.S. 13:4203 and the legislative history and purpose of that statute. Beginning with the former, in *Beebe v. Larche*, the Louisiana Second Circuit Court of Appeal held that "because legal interest accrues in a tort action statutorily, it occurs *by operation of law*." 51,365, p. 7 (La. App. 2 Cir. 4/5/17), 218 So.3d 1114, 1118 (emphasis added). Additionally, in *Duplechain v.*

3

*Jalili*, the Louisiana Third Circuit Court of Appeal emphasized "that an award of legal interest in tort cases is *not discretionary* with the court." 2010-736, p. 6 (La. App. 3 Cir. 12/8/10), 52 So.3d 1072, 1077 (first citing *Turner v. Ostrowe*, 2001-1935, pp. 14-15 (La. App. 1 Cir. 9/27/02), 828 So.2d 1212, 1223; and then citing *Odom v. City of Lake Charles*, 2000-01050, p. 20 (La. App. 3 Cir. 1/31/01), 790 So.2d 51, 63). Rather, as this Court explained in *Stewart v. Ice*, legal interest attaches automatically from the date of judicial demand until paid by operation of law. 2007-0871, p. 8 (La. App. 4 Cir. 4/9/08), 982 So.2d 928, 934 (first citing *Trentecosta v. Beck*, 1995-0096, p. 3 (La. App. 4 Cir. 5/13/98), 714 So.2d 721, 726 (on rehearing); and then citing *Broome v. Gauthier*, 443 So.2d 1127, 1139 (La. App. 4th Cir. 1983) (on rehearing)). If a court does not even have discretion as to whether to award legal interest in tort actions and cannot alter the date on which judicial interest begins to accrue, why would we hold that a party to an action can do so in its preparation of the judgment either intentionally or unintentionally as was the case here?

Further, I note that in *Stewart*, this Court explained that not only does legal interest attach automatically from the date of judicial demand until paid by operation of law, this is true even if legal interest was not prayed for by the plaintiff in the petition or mentioned in the judgment. 2007-0871, p. 8, 982 So.2d at 934 (first citing *Trentecosta*, 1995-0096, p. 3, 714 So.2d at 726 (on rehearing); and then citing *Broome*, 443 So.2d at 1139 (on rehearing)). Though this Court amended the judgment in *Stewart* to clarify that the judgment included interest from the date of judicial demand until paid, the Court stressed that such "language need not be in the judgment." *Id.* In a prior case, *Broome*, this Court actually declined to amend the decree in one of our opinions in response to a rehearing application to include information about legal interest and explained, "Although the judgment of this Court is silent regarding legal interest," the plaintiff "is

4

entitled to be paid legal interest without a formal amendment of our decree" per La. R.S. 13:4203. 443 So.2d at 1139 (citation omitted) (on rehearing). In light of this jurisprudence, I find the entire phrase "plus judicial interest thereon from November 17, 2023, the date of judicial demand, until paid" from the trial court's December 11, 2023 judgment in this matter was superfluous and meaningless. Per *Stewart* and *Broome*, neither this Court nor the trial court even needs to amend the December 11, 2023 judgment to state what the law already decrees: Ms. Bilalis was legally entitled to judicial interest that started accruing on the date she filed her petition, December 22, 2020. This is true no matter what the judgment did or did not state. Thus, if information regarding judicial interest need not even be included in the judgment, then why would we hold a plaintiff to such language when it *is* included yet merely misstates a date? To do so, would be, in my opinion, legally erroneous and unfair. A mistake cannot change or override that which the law orders to be so.

Turning to the legislative history of La. R.S. 13:4203, in *American Cyanamid Co. v. Electrical Industries, Inc.*, the United States Court of Appeals for the Fifth Circuit explained it as follows:

> The general rule in Louisiana is that legal interest runs from the due date of the obligation in question. [La. C.C.] art. 1938. [Louisiana Revised Statues 13:]4203 represents an exception to that general rule, calling for a more restrictive approach to legal interest where the damages arise ex delicto. Nevertheless, a review of the history of that section shows that its primary purpose was to liberalize, and not to restrict, the existing judicial approach to legal interest in tort cases.

> Prior to the enactment of [La. R.S. 13:]4203 in 1916, 1916 La. Acts, No. 206, the courts of Louisiana took an even more restrictive approach [to] legal interest in tort cases, holding generally that such interest would run only from the date of the judgment. Comment, The Running of Legal Interest in Louisiana, 6 TUL.L.REV. 614, 615 (1932). This restrictive approach was mandated by article 554 of the Louisiana Code of Practice of 1825, which prohibited the awarding of interest on unliquidated claims. Comment, 6 TUL.L.REV. at 615. Despite the repeal of article 554 in 1839, and its replacement with a provision echoing the general rule of [La. C.C.] art. 1938, see 1839 La. Acts, No. 53, courts of Louisiana continued to apply the

5

"unliquidated claims" rule to restrict the running of legal interest in tort cases to the date of the judgment. Comment, 6 TUL.L.REV. at 615.

. . .

When [La. R.S. 13:]4203 was enacted in 1916, the [L]egislature of Louisiana accomplished what it had failed to accomplish with the repeal of the "unliquidated claims" rule in 1839: it effectively liberalized the judicial approach to legal interest in tort cases, first, by creating a substantive right to such interest in tort plaintiffs, e.g., [*Merchant v. Montgomery Ward & Co.*], 83 So.2d 920, 925-26 (La. App. 1st Cir. 1956), and second, by requiring that such interest run from the date of the judicial demand rather than from the date of the judgment, [*Ventrilla v. Tortorice*], 160 La. 516, 107 So. 390, 392-93 (1926).

630 F.2d 1123, 1129-30 (5th Cir. 1980). As the above quote delineates, when the Louisiana Legislature enacted La. R.S. 13:4203, the Legislature did so to specifically ensure a tort plaintiff received interest that began to run from the date of his or her demand, not from the date of the judgment awarding damages to the plaintiff. Louisiana Revised Statutes 13:4203 created a substantive right to legal interest and removed the ability of the courts to restrict such interest to running from the date of the judgment. *Id. See also Duplechain*, 2010-736, pp. 6-7, 52 So.3d at 1078 (explaining that "[u]nder La.R.S. 13:4203, the date of judicial demand is the date the complaint is filed, not the date of judgment," and further explaining the enactment of La. R.S. 13:4203 created a substantive right to such interest in tort plaintiffs (citation omitted)). To hold other than the Court has done today would run afoul of this legislative history. Additionally, as this Court has explained in discussing the purpose of La. R.S. 13:4203, "Legal interest is designed to compensate a plaintiff for his loss of the use of the money to which he is entitled, the use of which defendant had during the pendency of the litigation." *Jones v. Am. Home Assurance Co.*, 2018-0107, p. 4 (La. App. 4 Cir. 6/27/18), 317 So.3d 498, 501 (quoting *Trentecosta*, 1995-0096, p. 3, 714 So.2d at 726 (on rehearing)). To hold other than the Court has done today would also thwart this purpose and deprive Ms. Bilalis of the money to which she is legally entitled and

the use of which Appellants have had during the pendency of this years-long litigation.

Moreover, I find it worthwhile to note Appellants agree La. R.S. 13:4203 provides that in tort cases judicial interest accrues from the date of judicial demand; so, in their arguments to this Court, they instead phrase the issue as whether the trial court erred by making a substantive change to a final judgment. In light of Appellants' agreement that La. R.S. 13:4203 entitles a plaintiff to interest from the date of judicial demand, I find their stance to be disingenuous and an attempt to take advantage of a mistake in the trial court's December 11, 2023 judgment. Assuming arguendo the trial court's judgment had mistakenly stated Ms. Bilalis was entitled to interest that began to accrue some date prior to the day she filed her petition, Appellants would be called upon to pay more interest than the law requires and their argument would certainly be different. Ironically, their argument would likely be the same argument made by Ms. Bilalis in this appeal: the date interest begins to accrue is set by law and not subject to change based on human error.

Finally, I conclude by finding that the decision to affirm the trial court is further supported by La. C.C.P. art. 2164, which states, in pertinent part, that "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." The result reached in the matter *sub judice* is just, legal, and proper per La. C.C.P. art. 2164 insofar as it provides the tort victim—Ms. Bilalis— with the amount of interest the Louisiana Legislature deemed she should receive when it enacted La. R.S. 13:4203 and follows the letter of that law. For the foregoing reasons, I respectfully concur in the result.